In the Matter of the Estate of LEON P. FEUSTMAN, Deceased.

Surrogate's Court, New York County, June 13, 1929.

*Edgar M. Leventritt,* for the estate.

*Charles L. Curtin,* for State Tax Commission.

FOLEY, S. The executors take this appeal from the report of the transfer tax appraiser and the order entered thereon upon the following grounds: (1) That there has been erroneously included among the taxable assets property passing under a deed of trust, and (2) that the value of the property so passing under the deed of trust has been added to the value of property passing under the

will of the decedent, and that the tax thereon is illegal. The first ground of the appeal is sustained. The decedent died on April 7, 1927. He executed a trust deed on April 16, 1926, under the terms of which the trustee was directed to pay the income to his widow during her life and upon her death to pay one-half of the principal to his son. The trustee was directed to hold the other half of the principal in further trust for the life of his daughter, and upon her death to pay over the principal to her descendants and her mother. In the event of the death of the daughter leaving no descendant her surviving ,and surviving her mother, the trustee was directed to pay the principal to the testamentary appointees of the daughter. The grantor reserved to himself no part of the income. He did reserve to himself, however, the right to " alter, amend or extend all or any of the terms and conditions of this instrument " other than the power to revest in himself title to any part of the corpus of the trust. By virtue of this reservation the transfers under the deed of trust are taxable. (*Matter of Kunhardt,* N. Y. L. J. Mar. 7, 1925; affd., 216 App. Div. 797.) Section 220 of the Tax Law (as amd. by chap. 430 of the Laws of 1922, § 1, subd. 4) provides for a tax when the transfer is made by deed " where any change in the use or enjoyment of property included in such transfer, or the income thereof, may occur in the lifetime of the grantor, vendor or donor by reason of any power reserved to or conferred upon the grantor, vendor or donor, either solely or in conjunction with any person or persons to alter, or to amend, or to revoke any transfer, or any portion· thereof, as to the portion remaining at the time of the death of the grantor, vendor or donor, thus subject to alteration, amendment or revocation." Although the grantor could not revest in himself title to any part of the corpus of the trust, he nevertheless retained the power to dispose of the principal and the income in a manner otherwise than that set forth in the original deed. The second ground of the appeal is sustained. The transfers under the deed of trust, while taxable, took effect as of the date of the deed. (*Matter of Schmidlapp,* 236 N. Y. 278; *Matter of Bowers,* 195 App. Div. 548; affd., 231 N. Y. 613; *Matter of Kountze,* 120 Misc. 289.) The value of the property passing under the trust deed was erroneously added to the value of the property passing under the will. These transfers should be separately taxed. (*Matter of Kunhardt, supra; Matter of Cummings,* 115 Misc. 276.)

An order may be submitted on notice sustaining this appeal and modifying the taxing order accordingly.