In the Matter of the Estate of JESSE M. SMITH, Deceased.

Surrogate's Court, New York County, January 14, 1930.

*Gwinn & Pell*, for the executors.

*Charles Curtin*, for the State Tax Commission.

O'BRIEN, S. The executors have appealed from the order fixing tax on two grounds: (1) They object to the failure of the appraiser to allow commissions on the shares of Parke, Davis & Co., stock owned by the decedent. The testator disposed of this stock as follows:

"*Third.* I am the owner and holder of eleven hundred eighty six shares of the par value of $25.00 each of the capital stock of Parke, Davis & Company, a Michigan corporation, having its head office at Detroit, Michigan, which came to me from the Estate of my deceased sister Carolyn L. Smith-Conklin. I hereby give and bequeath the said eleven hundred eighty six shares as follows: One-half of said shares to my niece, Grace Smith Bell, of 1360 Birch Street, Denver, Colorado; one-half of said shares to my nephew Edward Salisbury Smith, of 1360 Birch Street, Denver, Colorado. In the event, however, that either my said nephew or my said niece does not survive me, then I hereby give and bequeath the said shares of stock which he or she would have received, if living, to such person or persons as would be entitled to take the same under the provisions of the Decedent's Estate Law of the state of New York, if he or she had died intestate possessed of the same, and in such shares or proportions as such person or persons would be entitled to take under said statute."

"*Fifth.* I give and bequeath all the remainder of the capital stock of said Parke, Davis & Company owned and held by me at the date of my death to my beloved wife Mabel A. MacKinney Smith."

I hold that the bequest of the Parke, Davis & Co. stock was specific. (*Matter of Security Trust Co.*, 221 N. Y. 213; *Crawford* v. *McCarthy*, 159 id. 514; *Matter of Mitchell*, 114 Misc. 370; *Matter of Grinnell*, 115 id. 722; *Matter of Stoiber*, 103 id. 654; *Matter of*

*Evans*, 104 id. 641; *Matter of Bourne*, 119 id. 43.) This conclusion is strengthened by the language of other paragraphs of the will, particularly paragraph 4. That paragraph reads as follows:

"*Fourth*. Inasmuch as the specific bequests provided for in paragraph Third of this my last will and testament are based upon the number of shares of capital stock of Parke, Davis & Company, with a par value of $25.00 each, which came to me from the Estate of my deceased sister, Carolyn L. Smith-Conklin, and which are owned and held by me at the date of the execution of this my will, and inasmuch as between said date and the date of my death the character or number of said shares may be changed due to the distribution of stock dividends, change of capital structure of the corporation, reorganization or purchase by me of additional stock through rights given to me by the Company, I, therefore, now declare my wishes to be as follows:

"(A.) Any stock dividends received by me subsequent to the date of the execution of this my will which shall be attributable to the number of shares left under paragraph Third hereof, shall be added to the number of shares bequeathed to the legatees under such paragraph, and I give and bequeath any such additional shares to such legatees. This shall be true whether the stock dividends be declared upon the number of shares recited in paragraph Third or whether after such first stock dividend has been received, other stock dividends are subsequently received upon the stock dividends first received attributable to the shares of stock bequeathed in paragraph Third hereof.

"(B.) If subsequent to the date of execution of this my last will and testament any rights shall be given to me as a stockholder in connection with the shares of capital stock of Parke, Davis & Company bequeathed by me in paragraph Third hereof, or in connection with any stock dividends received by me as a result of my ownership of such shares, to purchase new shares of stock of Parke, Davis & Company, then I give and bequeath all such stock purchased by me by virtue of the exercise of such rights to the legatees named in paragraph Third of this my last will and testament and in the same proportions as provided for in said paragraph. Said gift is made, however, upon the express condition that each of said legatees pay to my executors or surviving executor within one year from the date of my death his or her proportionate share of the entire sum of money expended by me during my lifetime in exercising such rights, such sums so paid by each of them to my executors or surviving executor to become a part of my residuary estate and to be distributed accordingly. If either of said legatees (or if either predecease me, the person or persons entitled to his

or her share under paragraph Third hereof,) shall fail to comply with the above condition, then I give and bequeath his or her share of the stock so purchased by me by virtue of the exercise of such rights, to my wife Mabel A. MacKinney Smith, or if she predecease me or perish with me in a common accident or by common cause, then to the beneficiaries named in paragraph Seventh of this my last will and testament, and in the same proportions as provided in said paragraph.

" (C.) If, owing to any change in capital structure of Parke, Davis & Company, or due to reorganization of the company, shares of stock shall be issued to me in exchange for the shares which are bequeathed by me in paragraph Third hereof, or in exchange for stock dividends received thereon, then the shares of stock so received by me in exchange upon such reorganization shall be considered the equivalent of and stand in place of the shares of stock bequeathed by me in said paragraph Third hereof."

That the testator intended to make specific bequests to the legatees of his Parke, Davis & Co. stock is further emphasized by the provisions of paragraph 12 which reads as follows:

" *Twelfth.* I direct that the bequests under paragraph Third of this my last will and testament shall be charged with the payment of the amount of inheritance, transfer or legacy tax levied against them by any state of the United States, and if in any state it is impossible by reason of the method of computation of the tax to determine the amount so levied against said bequests, then such bequests shall be charged with the payment of so much of said tax as the value of such bequests bears to the value of my entire net estate taxable. I further direct that such bequests under paragraph Third of this my last will and testament shall be charged with the payment of such proportion of the Federal or any State estate tax as the value of such bequests bears to the value of my entire net estate taxable.

" Said sums shall be collected by my executors, or surviving executor from each and every legatee under paragraph Third of this my last will and testament prior to the delivery to him or her of his or her bequest, and my executors or surviving executor shall further have the power in the event that such payments are not · made to them or it within sixty days after the mailing by them or it to such legatees of a request for payment, to sell and dispose of so much of the property constituting the bequest of the person or persons failing to make such payment (*even though such bequest is specific*) as shall be necessary to pay the amount of taxes charged against such bequest as above provided.

" My executors or surviving executor shall further have the

power to make payments of such taxes when due or in advance, where it is advantageous so to do, out of my residuary estate, subsequently repaying to said residuary estate the amounts collected or received from each legatee."

The bequests under paragraphs 3 and 5 being specific legacies, the appraiser was correct in not allowing as a deduction commissions to the executors on the value of the Parke, Davis & Co. stock bequeathed under the will. The first ground of appeal, therefore, is denied.

(2) The executors also appeal from the order assessing tax because of the inclusion therein of the amount of a trust fund created by the testator under a deed of trust dated March 28, 1925. The trust was irrevocable. He died a resident of the State of New York on the 1st day of April, 1927. Under the deed of trust he gave to the Maryland Trust Company of Baltimore, Md., 300 shares of the Parke, Davis & Co. stock, in trust for the benefit of his grandniece Betty Belle Smith, for her support and maintenance, until she should arrive at the age of twenty-five, at which time the entire corpus of the trust was to be paid over to her. The trust deed provided further that should Betty Belle Smith die before reaching the age of twenty-five, the remainder was to be paid to her appointees by will, and in default of a valid exercise of the power of appointment by her, to her issue *per stirpes*, and in default of issue, to her next of kin. It is clear that the gift under the trust deed was not made in contemplation of death or to take effect upon the death of this decedent. The Tax Commission contends, however, that this transfer is taxable because the deed of trust contains the following language: " The Settlor may, at any time, and from time to time, with the approval of the Trustee or its successors, alter, amend, or extend all or any of the terms and conditions of this agreement, and may, with like consent, confer new powers upon the Trustee or its successors, concerning the administration of this trust, but the same shall in no wise amount to a revocation of the trust or of the fund hereby set apart as constituting the same, and whatever changes or additions that may be made under this provision, shall be made in such a manner that the Settlor shall never personally profit or be benefited thereby."

They cite in support of this contention *Matter of Feustman* (136 Misc. 579) and *Matter of Kunhardt* (N. Y. L. J. March 7, 1925; affd., 216 App. Div. 797). These cases are not in point. In *Matter of Kunhardt* the nature of the reservations contained in the deed of trust made the transfer taxable. In *Matter of Feustman* the deed of trust was executed after the amendment to section 220 of the Tax Law (as amd. by Laws of 1928, chap. 330, made retroactive to July 1, 1925) and the transfer was accordingly held taxable.

In the instant case the decedent executed the deed of trust before July 1, 1925, the date fixed for the taking effect of the amendment to section 220 of the Tax Law (as amd. by Laws of 1928, chap. 330, made retroactive to July 1, 1925). The testator divested himself of title to the fund when he executed the trust deed with no right of reversion in himself. As a matter of fact, he never took advantage of the very limited reservations contained in the deed of trust.

I hold, therefore, that the trust deed in question here does not come within the provisions of section 220 of the Tax Law as amended, and that the transfer under the deed of trust is not taxable. (*Matter of Bowers*, 195 App. Div. 545; affd., 231 N. Y. 613.) The second ground of appeal is sustained. Submit order on notice accordingly.