In the Matter of the Estate of LISPENARD STEWART, Deceased·*

Surrogate's Court, New York County, June 27, 1930.

*Laughlin, Gerard, Bowers & Halpin [Spotswood D. Bowers* and *Joseph W. Kirkpatrick* of counsel], for executors and trustees.

*Charles A. Curtin,* for State Tax Commission.

O'BRIEN, S. This is an appeal by the executors and trustees from the order fixing tax entered on the appraiser's report on April 21, 1930. There are twenty-nine grounds of appeal set forth at length in the notice of appeal. The principal ground of appeal is that various trusts created by the decedent prior to his death were erroneously included in the appraiser's report as a taxable item. The decedent died on October 15, 1927. In the year 1923 the decedent executed four trusts, and the question now at issue is whether or not they were irrevocable trusts. If so, having been created prior to section 220 of the Tax Law, as amended by chapter 330 of the Laws of 1928, they are not a taxable item in this decedent's estate. The attorney for the Tax Commission contends that the following language used by the decedent in the four trust deeds renders the trust revocable and, therefore, subject to tax: " It is further expressly agreed between the parties hereto, that the party of the first part may at any time, and from time to time, with the approval of any two of said parties of the second part, or the survivors or survivor of them, or any of their or his successors or successor, alter, amend or extend all or any of the terms or conditions of this instrument, and may with like consent cancel, annul and revoke same, in which event the trust property then in the hands

* Opinion on reargument, see 138 Misc. 866.

of the parties of the second part shall be retransferred to the party of the first part."

No alteration or amendment was made in any of the trust deeds by the testator after their creation, except in one case, in which an additional life estate was provided for. The appeal is sustained as to the principal ground of appeal. It is, therefore, unnecessary to consider the various other grounds of appeal. The beneficiaries had been in enjoyment of the income from the date of the deeds of trust, and it was not a part of the estate of Lispenard Stewart at the time of his death, and should not have been included in the appraisal for the purpose of transfer tax. In *Matter of Bowers* (195 App. Div. 548) the court held with respect to a trust created for Spotswood D. Bowers, which contained a provision for the cancellation and destruction of the trust estate on consent, that it was not taxable in the estate of the creator of the trust. (*Matter of Masury*, 28 App. Div. 580; affd., 159 N. Y. 532; *Matter of Bostwick*, 160 id. 489; *Matter of Bowers, supra; Matter of Smith*, 136 Misc. 335.)

Submit order on notice, modifying order in accordance with this decision.