In the Matter of the Estate of LISPENARD STEWART, Deceased.*

Surrogate's Court, New York County, January 8, 1931.

*Laughlin, Gerard, Bowers & Halpin* [*Spotswood D. Bowers* of counsel], for the executors and trustees.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S.   This is a reargument of the appeal by the executors and trustees from the order fixing tax entered upon the appraiser's report on April 21, 1930.   The notice of appeal sets forth at length twenty-nine grounds of appeal, only two of which, in accordance with the stipulation between the attorneys in open court, are considered at this time.   The first ground of appeal is that section 220 of the Tax Law, under which the various trusts created by this decedent in 1923 have been included in the appraiser's report as taxable items, did not take effect until July, 1925, and, therefore, was not applicable.

The second ground of appeal is that section 220 does not apply

* See, also, 138 Misc. 73.

where the trusts can be altered, amended or revoked only with the consent of a party or parties having an adverse interest such as a beneficiary of a trust or a trustee. As to the first ground of appeal I find no reason for changing my decision made in the first instance (138 Misc. 73). In addition to what was stated at that time I may add (1) that while the Appellate Division, Third Department, in *Matter of Nash* v. *Lynch* (226 App. Div. 421) held that the retroactive taxing features, *so far as they related to non-residents, in chapter 330 of the Laws of 1928* were unconstitutional, the retroactive provision *relating to residents* is not unconstitutional. The express declaration in section 3 of said act of 1928 that section 220 of the Tax Law shall be retroactive to July 1, 1925, clearly excludes from the application of the Tax Law transfers of the kind described in subdivision 2 of section 220 which were made prior to July 1, 1925. The Legislature acted within its powers when it thus limited the effect of the new law of 1928 to such transfers by deed, grant, bargain, sale or gift described in subdivision 2 of section 220 as were made subsequently to July 1, 1925.

The act of 1928 was not only an amendment but a re-enactment of the sections of the Tax Law referred to. Every word, phrase, clause and paragraph, it must be presumed, had its meaning and its purpose, and when said retroactive clause relating to residents was inserted in said act it was for a purpose and cannot be assumed to be mere meaningless words or words mistakenly or inadvertently used. In the second ground of appeal the question is presented whether under the terms of the instrument in question a power is " *reserved to or conferred upon the grantor, vendor or donor, either solely or in conjunction with any person or persons to alter, or to amend, or to revoke any transfer, or any portion thereof, as to the portion remaining at the time of the death of the grantor, vendor or donor, thus subject to alteration, amendment or revocation.*" (Tax Law, § 220, subd. 2, as amd. by Laws of 1928, chap. 330.) An examination of the instrument discloses the facts that (1) the settlor of the trusts does not reserve the powers mentioned to himself " solely," and (2) that he does reserve to himself said powers " *in conjunction with* any person or persons to alter, or to amend, or to revoke " the transfers embodied in the trusts for, having in mind the manifest purpose of the framers of the statute, the plain ordinary meaning of the words " in conjunction with " is " in unison with " or " co-operating with " or " combining with " or " joining together with." Now, the parties of the second part are in each instrument trustees; their relation to those interested in the trusts, particularly those who are *cestui que trustent*, are fiduciary. Could it be urged that these trustees with

their obligation to carry out the terms of the trusts are parties "in conjunction with" the settlor of the trusts? On the contrary, are their interests and obligations not adverse to any personal interest of the settlor? Furthermore, in four of the five trusts the trustees are mother and father respectively of the beneficiaries of said trusts which relationship makes their position unquestionably adverse to the settlor and not "in conjunction with" the settlor. This leads us to authorities that are directly in point in the consideration of the taxability of the transfers in question. The reasoning set forth in the decision of the United States Supreme Court in *Reinecke* v. *Northern Trust Company* (278 U. S. 339; 49 Sup. Ct. Rep. 123) is directly applicable to the question before us. There the court held: "As the tax cannot be supported unless the statute applies in one of the two ways suggested by the government, we must necessarily determine the effect of the reserved powers and the meaning and application of the phrase quoted from § 402. If it be assumed that the power to modify the trust was broad enough to authorize disposition of the trust property among new beneficiaries or to revoke the trusts, still it was not one vested in the settlor alone, as were the reserved powers in the case of the two trusts. He could not effect any change in the beneficial interest in the trusts without the consent, in the case of four of the trusts, of the person entitled to that interest, and in the case of one trust without the consent of a majority of those so entitled. Since the power to revoke or alter was dependent on the consent of the one entitled to the beneficial, and consequently adverse, interest, the trust, for all practical purposes, had passed as completely from any control by decedent which might inure to his own benefit as if the gift had been absolute.

"Nor did the reserved powers of management of the trusts save to decedent any control over the economic benefits or the enjoyment of the property. He would equally have reserved all these powers and others had he made himself the trustee, but the transfer would not for that reason have been incomplete. The shifting of the economic interest in the trust property which was the subject of the tax was thus complete as soon as the trust was [347] made. His power to recall the property and of control over it for his own benefit then ceased and as the trusts were not made in contemplation of death, the reserved powers do not serve to distinguish them from any other gift *inter vivos* not subject to the tax."

It will be difficult for the State Tax Commission to distinguish the facts in the *Reinecke* case from those in the present case. While it is true that in the former case the other parties to the trust were beneficiaries and thus deemed to have an interest adverse

to the settlor of the trust, whereas in the present case the other parties are trustees and in three of the trusts are also parents of the children for whose benefit the trusts were created, there is, in fact, no essential difference. The interests of the parent-trustees are most certainly adverse to the settlor. both by reason of their blood relationship to the beneficiaries and again by reason of their status as fiduciaries; and in the fourth trust where the trustee is not related to the beneficiary the same reasoning applies. In the district of the United States for the district of Massachusetts on October 1, 1930, Judge Morton in *Erskine* v. *White* (43 F. [2d] 765), held as follows: " The present controversy is caused by the provision in the trust instrument reserving to Mrs. Day the right to alter and amend its provisions as to the disposition of the income or principal after her death. Her right to make such changes is not absolute; it is conditioned . upon the assent of the trustee being given. Lacking this assent, the trust instrument was final and unchangeable.

" Even with the assent of the trustee, Mrs. Day had no power to terminate, or even to shorten, the term of the trust. The case arises under the Revenue Act of 1926, § 302, clauses (d) and (h); 26 U. S. C. A. § 1094 (d) (h). Clause d provides that the estate of a decedent shall be deemed to include any property ' of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke.' Clause h makes the foregoing provision applicable to trusts and powers created before the enactment of the taxing act.

" The plaintiff contends that the statute does not reach this trust; and that, if it be construed so as to do so, it is to that extent so arbitrary and capricious as to be unconstitutional.

" The terms of this trust bring it within the language of the statute. Mrs. Day transferred the property to the trustee; and with the assent of the trustee she had power until her death to change the enjoyment of it.

" The decisive question is therefore whether the statute is constitutional. ' The possibility that a federal statute passed under the taxing power may be so arbitrary and capricious as to cause it to fall before the due process of law clause of the Fifth Amendment must be conceded.' Sutherland, J., *Tyler* v. *U. S.*, 281 U. S. 497, at 504, citing cases. It is settled that an estate tax may be levied on property not belonging to the decedent at the time of his death, if he had the power to control the enjoyment

of it thereafter. *Corliss* v. *Bowers, Collector*, 281 U. S. 376; and see *Stratton* v. *U. S.* [District Court, Massachusetts], 4 August, 1930. In *Reinecke* v. *Northern Trust Company*, 278 U. S. 339, property of a trust which had been established by the decedent was taxed as part of his estate, upon the ground that his reserved right ' to alter, change, or modify the trust ' put the property within his control. This reserved right could not, however, under the terms of the trust be exercised by the settlor, without the assent of the existing beneficiaries. It was held that, ' Since the power to revoke or alter was dependent on the consent of the one entitled to the beneficial, and consequently adverse, interest, the trust, for all practical purposes, had passed as completely from any control by decedent which might inure to his own benefit as if the gift had been absolute.' STONE, J., 278 U. S. 346; and that the property could not be taxed as part of the estate.

" The only difference between that case and this is that here the settlor's right to change or amend was dependent on the assent of the trustee, instead of the beneficiaries. It is argued for the government that the trustee cannot be regarded as an ' adverse interest,' and that, therefore, the *Reinecke* case does not apply. The principles on which the trustee would have acted in giving or withholding assent are not very certain; but it certainly owed duties to other parties interested in the trust besides the settlor, and it might well have declined to assent to proposed changes which it thought unfair to them or inspired by improper motives. It was not a mere rubber stamp; its judgment was required, and its assent might have been refused as well as given.

" This being so, I think that the principle of the *Reinecke* case applies to the present one, and that the property in question could not legally be taxed as part of Mrs. Day's estate. I reach this conclusion more readily because *the Reinecke case states a definite principle which can be easily applied*, and it seems to me most undesirable to introduce fine spun distinctions into administrative law when they can be avoided."

The appeal is sustained upon both of said grounds of appeal. It is unnecessary to consider the other grounds of appeal at this time. The appellant may urge the other grounds in the future if necessary. Submit decree.