Abraham J. Gellinoff, J.
In this article 78 proceeding, petitioner landlord seeks to vacate a determination of respondent Conciliation and Appeals Board, denying petitioner’s application for the establishment of a higher rental for the subject apartment, based on an alleged improvement.
On August 9,1968, when the lease of the apartment was being renewed, the tenant then in occupancy agreed to pay an increase in rent from $180 per month to $260 per month. The bottom of the rider specifying the new rent, underneath the signatures of the tenant and petitioner’s agent, stated that the “ landlord will supply a 10 cubic foot new refrigerator ”. The statement was initialed by the parties.
One year later, the tenant vacated the apartment and the present tenant moved in at a rental of $256.25 per month. However, with the advent of rent stabilization (New York City Rent Stabilization Law), petitioner reduced the rent to a 25% increase over the rent prevailing on May 31, 1968, plus a $6.50 per month charge as an allowance for the refrigerator installed in August, 1968. The total rent was therefore $231.50 per month. Tenant filed a complaint, and respondents disallowed the $6.50 charge. Petitioner seeks its restoration by this court.
Section 20 (subd. C, par. [1]) of the Code of the Real Estate Industry Stabilization Association of New York City, Inc., provides that a landlord may increase monthly rent by l/40th of the cost of an improvement “ provided, however, that such increase shall not be collectible during the term of a lease then in effect or any renewal thereof except upon written .consent of the tenant ’ ’. Respondent contends that, despite the language of the 1968 rider, petitioner failed to show that the former tenant had consented to the increased rent as consideration for the installation of the new refrigerator.
*884 Petitioner, however, is entitled to the increase from the present tenant, irrespective of the consent of the former tenant. Subdivision C of section 20 does not make the' increase of l/40th of the improvement cost dependent upon the consent of the tenant in possession at the time of the improvement; it only prevents the collection of such increase during that tenant’s possession except with his written consent. When that tenancy is terminated, the landlord may collect the appropriate increase from future tenants, regardless of the lack of consent to the improvement by the original tenant.
In interpreting a statute, the court must give effect to the meaning of every word (see Matter of Stewart, 138 Misc. 866, 867 [Surrogate’s Ct., N. Y. County, 1931], affd. 235 App. Div. 772 [1st Dept., 1932]). The language of section 20 (subd. C, par. [2]) — “ during the term of a. lease then in effect or any renewal thereof” — would become mere . surplusage were the court to interpret it as destroying the landlord’s right to a proportionate increase from a tenant renting the apartment after the lease ‘ ‘ then in effect ’ ’ has expired.
The current tenant’s complaint — that she is being forced to pay for a used, unwanted refrigerator — is unpersuasive. She would be in precisely the same position had the previous tenant consented to the improvement.
The amount petitioner may charge the tenant for the refrigerator is the remaining question. Petitioner has claimed that the refrigerator cost $189, supplying a receipt, to that effect, but has produced as proof of payment a check for $178.50. Moreover, the receipt submitted by petitioner has been altered; it originally listed the total price not as ,$189, but as $147. There having been no explanation for the alteration, the court concludes that the actual cost to petitioner for the refrigerator was $147.
Accordingly, the petition is granted to the extent of vacating respondent’s determination and permitting petitioner to increase the rent for the subject apartment in the sum of $3.61 per month (l/40th of $147), for a total monthly rental of $228.61.