SAMUEL L. ETTLINGER, Appellant, *v.* THE IMPORTERS AND EXPORTERS INSURANCE COMPANY OF NEW YORK, Respondent.*

Supreme Court, Appellate Term, First Department, January 8, 1931.

*G. Eichhorn* [*I. Maurice Wormser* of counsel], for the appellant.

*Davies, Auerbach & Cornell* [*M. A. Schenck* and *W. J. Walker* of counsel], for the respondent.

FRANKENTHALER, J.   The plaintiff, during the month of January, 1930, had two removable bridges in a desk drawer in his office. These bridges disappeared during that month in an unknown manner and were never found.   The only question presented is whether they come within the articles covered by the defendant's policy.

The policy is entitled "All Risks Personal Effects Floater" and insures the plaintiff for the year commencing April 15, 1929, against loss or damage from any cause whatsoever (with certain exceptions which do not apply here) occurring "in all situations wherever

---

* Revg. 138 Misc. 9.

property may be anywhere in the world except while on the premises of a permanent residence of the assured or while in permanent storage." If the bridges are within the classes of property covered by the policy, the insurance company would concededly be liable for their disappearance from a desk drawer in plaintiff's place of business.

The policy covers "personal effects usually carried by tourists and travelers, including personal jewelry and/or personal furs, belonging to and used or worn by the assured and/or members of his or her family, permanently residing with the assured."

The following paragraph of the policy especially excludes such articles as automobiles or other conveyances, money and securities, household furniture. automobile robes and equipment, salesmen's samples, merchandise, theatrical property, etc. This exclusion clause contains no item which could possibly embrace the removable bridges.

The question to be determined is whether the removable bridges are "personal effects usually carried by tourists and travelers * * * belonging to and used or worn by the assured."

It seems to me that the bridges are "personal effects." "Personal effects" has been defined as "a phrase used to designate articles associated with the person (30 Cyc. 1531); as "property having a more or less intimate relation to the person" of the possessor (48 C. J. 1046); and "effects" as "movable or chattel property of any kind" (Standard Dict.), There can be little question but that removable bridges are essentially personal articles having a more or less intimate relation to the person of their possessor. The defendant, respondent, argues that they are to be treated as part of the anatomy of their possessor. This might be so while they were in place in the mouth of their possessor, but I cannot agree that they are part of their owner's anatomy while they lie in the drawer of a desk in his office.

The next question is whether removable bridges are "usually carried by tourists and travelers." It is, of course, impossible to ascertain the percentage of tourists and travelers who have removable bridges with them. As the great majority of tourists and travelers are probably people well along in years, it is quite possible that most of them have removable bridges. However, regardless of whether or not this be so, it seems to me that the words "usually carried by tourists and travelers" do not necessarily apply only to such articles as *most* tourists and travelers carry. In my opinion, the words "usually carried by tourists and travelers" mean merely that the personal effects are to be of the kind usually carried by *such* tourists and travelers *as own them. In other words, the policy*

*is designed to cover such personal effects as a man who owned them would carry with him while touring or traveling.*

A reading of the exclusion clause seems to me to confirm this view for it covers such articles as automobiles and household furniture. Evidently the insurance company thought that such articles might be covered by the policy if they were not expressly excluded. Yet certainly automobiles and household furniture are not carried by a majority of tourists and travelers but rather by a great minority.

The final question is whether the removable bridges are " used or worn by the assured." In my opinion, they are certainly used by the assured even if it may not be said that they are worn by him.

Bearing in mind that the guide to the proper construction of the policy is " the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract " (*Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81, at p. 84), it seems to me that the court below erred in holding that no cause of action upon the policy had been established. In my view of the case the ordinary individual taking out a policy like the one here involved would, if he happened to own removable bridges, reasonably expect and contemplate that, if they were lost while they were in his baggage or elsewhere than in his mouth, he would be covered by the policy.

Judgment reversed, with thirty dollars costs to the appellant, and a new trial ordered, limited to the assessment of plaintiff's damages.

All concur; present, LYDON, PETERS and FRANKENTHALER, JJ.