AMERICAN BEMBERG CORPORATION *et al. v.* CITY OF ELIZA-
BETHTON *et al.*

(*Knoxville*, September Term, 1943.)

Opinion filed November 20, 1943.

Cox, Taylor, Epps & Miller, of Johnson City, as solicitors for the complainants, and Geo. F. Dugger, of Elizabethton, for complainants.

Susong, Parvin & Fraker, of Greeneville, and M. W. Snell, of Elizabethton, for defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

Complainants filed their bill to have declared unconstitutional Chapter 3 of the Private Acts of 1943, and to enjoin the defendant City of Elizabethton from assessing and collecting taxes on their property. The Act in question undertakes to extend the corporate limits of the City of Elizabethton so as to bring the area owned by complainants into the city limits.

Complainants assert that the Act violates contracts had with the City in that their plants were located near the City with the understanding that their property was not to be taken into the corporation of the City; that said

Acts violates the obligation of a contract, which offends both the State and Federal Constitutions; and that in entering into said contracts the City was acting in its private or corporate capacity and not exercising a governmental or legislative function.

The City filed a demurrer, which was sustained, the chancellor holding that the Legislature in passing the Act was exercising a governmental or legislative power, and, further, that the purpose and effect of the contracts of 1925 and 1927 were to exempt complainants' property from taxation, and therefore in violation of Section 28 of Article 2 of the Constitution of Tennessee, which requires all property to be taxed according to its value so that taxes shall be equal and uniform throughout the State.

The contracts or resolutions passed by the City provided that complainants' property would not be included in the city limits without their consent, and even if their consent was obtained, then all taxes of the City were to be remitted for ten years following such consent.

In *Town of Oneida* v. *Pearson Hardwood Flooring Co.*, 169 Tenn., 449, 452, 88 S. W. (2d), 998, 999, this Court said:

"The Legislature, clothed with power to create municipal corporations, may at will alter their boundaries without the consent of the municipality or the inhabitants of its territory. That is a political power which, in the absence of a constitutional restraint, is not open to review or hindrance by the courts. Section 3320 and subsequent sections of the Code of 1932 impose no restraint upon legislative action. Despite those provisions the Legislature may, by special act, extend or contract the corporate limits of a municipality. The power to detach territory from a municipal corporation is analogous to the power

of annexing new territory. *Williams* v. *Nashville*, 89 Tenn., 487, 15 S. W., 364; *McCallie* v. *Mayor, etc., of Chattanooga*, 3 Head., 317, 318; 19 R. C. L., p. 732, sec. 38; 43 C. J., p. 109.

''When by the change of the corporate boundaries of Oneida defendant's property was placed beyond the municipal limits, it was no longer subject to taxation by the town. *Miller* v. *Pineville*, 121 Ky., 211, 89 S. W. 261; *Attorney General of State of Michigan ex rel. Kies* v. *Lowrey*, 199 U. S., 233, 26 S. Ct., 27, 50 L. Ed., 167; *Laramie County* v. *Albany County*, 92 U. S., 307, 23 L. Ed., 552.''

The contraction of boundary lines by a legislative act so as to interfere with the payment of bonds issued by a municipality might be subject to constitutional objection, as was held in *U. S. ex rel. Hoffman* v. *City of Quincy*, 4 Wall., 535, 18 L. Ed., 403.

It is true that a municipality often acts in its corporate or private capacity. *Memphis P. & L. Co.* v. *City of Memphis*, 172 Tenn., 346, 112 S. W. (2d), 817; 43 C. J., 179; *Illinois Trust & Savings Bank* v. *City of Arkansas City*, 8 Cir., 76 F., 271, 34 L. R. A., 518; *Cunningham* v. *City of Cleveland*, 6 Cir., 98 F., 657.

So then the Legislature in passing the Act in question was performing a legislative or governmental act, and this being true, the City was without power to adopt the resolutions of 1925 and 1927 so as to perpetually bind the City.

Complainants also insist that said resolutions were not in violation of Section 28 of Article 2 of the Constitution of Tennessee, which provides that all property shall be taxed according to its value.

In *Railway Company* v. *Wilson County*, 89 Tenn., 597, 15 S. W., 446, it was held that the County Court of Wilson County was without any authority to exempt a railroad company from taxation even though it was declared to be its purpose to induce a nonresident company to build a railroad through the county. This holding was recognized in *State ex rel. Allen* v. *American Glanzstoff Corp.*, 167 Tenn., 597, 600, 72 S. W. (2d), 775, 776, which is relied on here by complainants. In the last-cited case the Court said: "Possibly, under that decision [*Railway Company* v. *Wilson County, supra*] Carter county is now at liberty to repudiate these resolutions, although it does not appear from the opinion that an estoppel was pleaded against Wilson county in the case just above mentioned."

In the instant case, complainants have had the benefit of an area adjacent to the corporate limits of defendant City for more than fifteen years, and we cannot say that the doctrine of equitable estoppel should be invoked against the City at this time. Persons or corporations dealing with a municipality are charged with the knowledge that the latter is a creature of the Legislature, and its charter may be amended or abolished by its creator.

Taxation must always be uniform and equal throughout the extent of the same jurisdiction. State taxes must be equal and uniform throughout the state; county taxes must be equal and uniform throughout the county; and city taxes must be equal and uniform throughout the city, so far as revenues for current expenses or future wants are concerned, though where new territory is added to an existing city all taxation for the payment of the debts of the old city may by statute be confined to the old city which created the debt.

It was held in *Jones* v. *Memphis,* 101 Tenn., 188, 47 S. W., 138, that where a statute exempts newly created territory from taxation for police, fire, and light purposes for a period of ten years, while during the same period, and for like purposes, the original territory is to be taxed, it makes taxation for current purposes unequal in different parts of the same municipality, though for the same period the annexed territory is not to receive the benefit of police, fire, and light protection, and such statute is unconstitutional.

To hold that the Legislature may change, enlarge, or contract municipal·boundaries at will, it being a political function, as was decided in *Town of Oneida.* v. *Hardwood Flooring Company, supra,* and then to say that the defendant City could exempt complainants' property from taxation, would be to run counter to the decision in *Jones* v. *Memphis, supra.*

Exemptions from taxation are contrary to public policy and can only be allowed when granted in clear and unmistakable terms. They are not creatures of intendment or presumption. If the language in which they are claimed to be granted leaves it doubtful, the benefit of the doubt must be given to the State, the life of which is taxes. *Louisville & N. R. Co.* v. *State,* 55 Tenn., 663; *Railroad Co.* v. *Harris,* 99 Tenn., 684, 43 S. W., 115, 53 L. R. A., 921; *Book Company* v. *Shelton,* 117 Tenn., 745, 100 S. W., 725.

It might be added that the Legislature encourages the extension of municipal boundaries, thereby bringing into the various corporations taxable property which will become of greater value, so that it will benefit the State and the particular municipalities, which are creatures of the Legislature.

There is no doubt that great commercial advantages were secured by the defendant City in the location of the plants near it, and complainants have invested large sums of money in the construction of their plants and improvements incident thereto, and they assert that the resolutions were strong inducements in locating their plants near the City. However this may be, we are here dealing with a public corporation in its governmental capacity.

It results that all the assignments of error are overruled, and the decree of the chancellor is affirmed.