Edwin G. TIBBILS, Appellant,

v.

FEDERAL INSURANCE COMPANY, a corporation, Appellee.

No. 1722.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 28, 1955.

Decided Dec. 21, 1955.

Denver H. Graham, Washington, D. C., with whom Albert E. Brault and John L. Schroeder, Washington, D. C., were on the brief, for appellant.

William H. Clarke, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The question before us is whether a foreign stamp collection is covered by a personal effects floater policy. The stamps were in a brief case which was lost by an air line on which plaintiff was a passenger. In this action, brought by plaintiff against his insurer, the trial court ordered a directed verdict for defendant. That ruling is here for review.

The policy in suit covered personal effects " * * * such as are usually carried by tourists and travelers, belonging to and used or worn by the Assured * *." It has been said that, unlike policies covering specified items, floater policies are designed to provide indemnity for a class of property rather than to any particular property or thing. National Bank of Burlington v. Fidelity & Casualty Co., 4 Cir., 125 F.2d 920, 140 A.L.R. 694. The class in this case is personal property used or worn by the insured while traveling and which is of a type usually carried by tourists or travelers. The policy describes them as "personal effects."

■ Cases have been cited to us construing this phrase as used in wills. But in view of the presumption in favor of testacy and the general policy of courts to avoid intestacy where possible, we feel the construction given the term in those cases does not govern where the phrase, "personal effects," is used in an insurance policy to delimit its coverage. The phrase "personal effects" is generally construed to refer to articles associated with the person and having a more or less intimate relation to the owner. Ettlinger v. Importers' & Explorers' Ins. Co., 138 Misc. 743, 247 N.Y.S. 260. In our view an assortment of foreign stamps, desirable only as collectors' items, cannot be so regarded for the purposes of this case. (We need venture no opinion as to what would be the status of currently usable stamps carried by a traveler for mailing purposes.)

Even assuming the stamps in question to be "personal effects" within the general definition of that phrase, are they within the policy as personal effects *"such as are usually carried by tourists and travelers"?* In the Ettlinger case, supra, this precise clause was construed to refer not only to personal effects which most tourists and travelers carry, but those which a person who owned them would carry with him while touring or traveling. The record establishes no legal or factual basis for ruling that a collector of select and valuable stamps would under ordinary circumstances carry his collection with him in his travels. But we do not rest our decision on that thesis. The words "personal effects" are limited still further to those "used or worn by the insured." It cannot be said that the articles here were "used or worn" by the insured as a common or usual incident or accessory of his trip.

We think we must hold that the stamps fall more within the exclusionary provisions of the policy. Among other items the policy specifically excludes "accounts, bills, currency, * * * evidences of debt, * * * documents, money, notes, * * [and] securities * * *." Although stamps are none of these, they are more closely related to such articles than to "effects * * * used or worn by the Assured."

The policy also excludes "merchandise for sale or exhibition." It was a large quantity of stamps, some of them duplicates, that plaintiff carried with him. He said he had made exhibitions of his stamps in the past, and also that he intended making gifts of some of them. Thus, not illogically, the stamps lend themselves to that exclusionary group.

■ We have tested liability in this case with the rule clearly in mind that ambiguities are to be resolved in favor of the insured plaintiff, and that it is the duty of the insurance company to spell out in plainest terms any exclusionary or delimiting policy provisions. See Raley v. Life and Casualty Ins. Co. of Tenn., D.C.Mun.App., 117 A.2d 110, and cases there cited. But even from that liberal approach we cannot hold that the policy covered the property here involved. Even that favorable construction " 'furnishes no warrant for avoiding harsh consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings. Contracts of insurance, like other contracts must be construed according to the terms which the parties have used' * * *." Automobile Ins. Co. of Hartford, Conn. v. Denny, 8 Cir., 206 F.2d 401, 403, 40 A.L.R.2d 865. See, Belland v. American Automobile Ins. Co., D.C.Mun. App., 101 A.2d 517. It is our conclusion that there was no error in taking the case from the jury, for a verdict for plaintiff could not stand.

Affirmed.