Dorothea Merrill DRYER and Edwin
Jason Dryer, Appellants,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, Appellee.

No. 4317.

District of Columbia Court of Appeals.

Argued Oct. 14, 1968.

Decided Dec. 18, 1968.

Edwin Jason Dryer, pro se.

Gerald W. Farquhar, Washington, D.C., with whom James C. Gregg, Washington, D.C., was on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

HOOD, Chief Judge:

Appellants, husband and wife, were owners of residential property in the District of Columbia. Their property was insured by appellee under a "Homeowners Policy" which in part protected appellants against loss of or damage to their unscheduled personal property "usual or incidental to the occupancy of the premises as a dwelling," either at or away from their residence, from various perils including theft and vandalism.

In addition to their residence, appellants owned unimproved property in Virginia,

approximately 70 miles from the District of Columbia. Growing on the Virginia property were two walnut trees of considerable value. It is not disputed that unknown persons entered on the property, cut down the two trees, and carried away the center portions of the trees.

Appellants claimed that the stolen portions of the two trees were unscheduled personal property within the provisions of the policy and brought this action for their value. The trial court directed a verdict for the insurance company, ruling that the logs were not personal property within the meaning of the policy and also that they were not usual and incidental to the occupancy of appellants' residence.

■■ A Virginia statute provides that one who unlawfully cuts down and carries away trees is guilty of larceny.[1] Appellants argue from this that under Virginia law, the law of the situs of the trees, the logs were changed from real to personal property when the trees were severed from the land because only personal property is the subject of the crime of larceny. Even if the logs when carried away were deemed personal property by the criminal law of Virginia, it does not necessarily follow that they must be considered personal property within the meaning of the insurance policy. The interpretation of the coverage of an insurance contract is not governed by legal definitions from other areas of the law. Words used in an insurance policy are to be given the meaning which common speech imports. Pennsylvania Indemnity Fire Corp. v. Aldridge, 73 App.D.C. 161, 117 F.2d 774, 133 A.L.R. 914 (1941); Tibbils v. Federal Insurance Co., D.C.Mun.App., 119 A.2d 114 (1955); Concordia Lutheran Evangelical Church v. United States Casualty Co., D.C.Mun.App., 115 A.2d 307, 309 (1955).

■ The question is whether the language of the policy reasonably and naturally discloses an intent to afford coverage against loss of trees on property away from the dwelling. We hold it does not. The term "personal property" is unambiguous and clearly relates to property of the insured which is not a part of his real property. Growing trees are obviously realty and not personalty. The policy recognizes this and in a separate clause specifically gives limited coverage to trees on the insured premises.

■ We hold that as between the parties to the insurance contract, the trees were a part of the realty and could not be converted into personal property by the unauthorized act of a third person. This makes it unnecessary for us to decide whether the logs, if they had been reduced to personalty by appellants, could have been usual or incidental to the occupancy of appellants' residence.

Affirmed.

1. Adkins v. Commonwealth, 200 Va. 238, 105 S.E.2d 164 (1958).