**Oscar M. WEAVER, Appellee,**

v.

**Jayne Ann WOODS, Commissioner of Revenue, Appellant.**

Supreme Court of Tennessee.

Feb. 25, 1980.

Walter Lee Davis, Jr., Arthur M. Fowler, Jr., Johnson City, for appellant; Johnson & Davis, P. A., Johnson City, of counsel.

Joe C. Peel, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellee.

## OPINION

COOPER, Justice.

Oscar M. Weaver has appealed from a judgment entered in the Circuit Court of Washington County, Tennessee dismissing his action to recover $997.58 in use taxes, penalty, and interest paid under protest on an airplane purchased by plaintiff in May, 1961, while a resident of the Commonwealth of Virginia and subsequently brought to the State of Tennessee when he moved his residence to this state in 1975.

The tax was levied pursuant to the Retailers' Sales Tax Act, Section 67–3001, et seq., Tennessee Code Annotated, a part of which expresses the legislature's intent that ". . . every person is exercising a taxable privilege . . . who uses or consumes in this state any item or article of tangible personal property." T.C.A. § 67–3003.

T.C.A. § 67–3005 provides for exemption from use tax of certain items of tangible personal property for bona fide residents of another state who move to and become residents of Tennessee, as follows:

It is not the intention of this section to levy the use tax with respect to the personal automobile, *the personal effects*, or the household furniture to be used in the residence of a person, who, having been a bona fide resident of another state, has moved to and become a resident of Tennessee, and has caused to be imported into Tennessee such personal automobile, *personal effects*, or household furnishings. (emphasis supplied)

In filing his action, plaintiff insisted the airplane in question was a "personal effect" excluded from use tax. He also insisted the airplane was not subject to the use tax as at the time of purchase, in 1961, he had no intention of "using or consuming" the airplane in the state of Tennessee.

On considering motions for summary judgment filed by the parties, the trial judge concluded that the airplane was subject to use tax, sustained the state's motion for summary judgment, and dismissed plaintiff's suit. We are of the opinion that the action of the trial judge was correct for the reasons set forth in his memorandum opinion, which we adopt as the opinion of this court, and which is as follows:

"The issues thus presented for this Court's determination are [1] whether or not the airplane in question is a 'personal effect' excluded from taxation under Section 67–3005, T.C.A., and [2] whether or not the intent of the purchaser, at time of purchase of the airplane in question, controls

imposition of the Tennessee Use Tax when the purchaser, a bona fide resident of another state, moves to and becomes a resident of Tennessee some fourteen (14) years after purchase.

"This Court answers both questions in the negative in that while the result of the imposition of a Use Tax under the circumstances of this case does not appear to be equitable, a very careful reading of the statutes in question and their legislative history lead this Court to the firm conclusion that our General Assembly intended just such a result and any inequity will have to be corrected by that body, not the courts.

■ "While apparently the issues presented here are ones of first impression in this state, the essential task presented to this Court is one of construction of the statute in question, Section 67–3005, Tennessee Code Annotated, considering in context the phrase 'personal effects.' In construing this statute, this Court is bound 'to ascertain and give effect to the intention or purpose of the legislature as expressed in the statute.' This intent is gathered from a reading of the statute giving the language and words used their natural, ordinary and commonly accepted meaning. The language must be considered in the context of the entire statute without any forced or subtle construction extending its import. *Worrall vs[v]. Kroger Co.*, 545 S.W.2d 736.

"Our Supreme Court has very clearly enunciated the rules to be followed in construing statutes granting exemptions from taxes:

Generally, laws imposing taxes are construed strongly against the taxing authority, with any doubt or ambiguity being resolved in favor of the taxpayer. (citing authority). When the question, however, is one of whether a taxpayer is exempt from a tax, the exemption statute must be construed against the individual claiming the exemption. (citing authority). Exceptions from taxation must positively appear and will not be implied. (citing authority).

As this court stated in *American Bemberg Corp. v. City of Elizabethton*, 180 Tenn. 373, 378, 175 S.W.2d 535, 537 (1943):

'Exemptions from taxation are contrary to public policy and can only be allowed when granted in clear and unmistakable terms. They are not creatures of the intendment or presumption. If the language in which they are claimed to be granted leaves it doubtful, the benefit of the doubt must be given to the State, the life of which is taxes.'
*Federal Express Corporation vs[v]. Woods*, 569 S.W.2d 408, at page 410 (Tenn.1978).

■ "Using these guidelines, this Court notes that Section 67–3002(1), T.C.A., defines 'tangible personal property' to mean personal property which may be seen, weighed, measured, felt, or touched, or is in any other manner perceptible to the senses. Thus unless excluded by the term 'personal effects,' as used in Section 67–3005, T.C.A., the natural, ordinary, and commonly accepted meaning of 'tangible personal property' would certainly include an airplane. Counsel cite definitions of 'personal effects' as used in will construction cases and in insurance cases, however, these definitions are of little help in that in each of these type cases, one must construe the term which is justified by the entire will or entire insurance policy and obviously one cannot take such a definition out of context and apply it in construction of a taxation statute.

"Following the guidelines for statutory construction of taxation statutes, supra, one must assume that the Legislature intended to exclude only automobiles and furniture, expressly exempted, and other personal effects having an intimate relation to the person. See *Black's Law Dictionary*, Revised, 4th Edition. To construe the term 'personal effects' to include an airplane would be a forced construction clearly not intended.

"This Court is thus of the opinion that the term 'personal effects' as used in Section 67–3005, T.C.A., was not intended by

the Legislature and does not include an airplane.

■ "The second issue presented by plaintiff is that the intent of the purchaser, at the time of purchase of the airplane in question, controls imposition of the Use Tax.

"This Court would simply point out that the statute in question does not so provide.

'Use' means and includes the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.' [*Section 67–3002(h), Tennessee Code Annotated*]

"Thus the tax is imposed upon the privilege of using the tangible personal property in Tennessee. See *Young Sales Corp. vs[v]. Benson*, [224 Tenn. 88], 450 S.W.2d 574. The statute makes no mention of the intent of the purchaser at time of purchase and the only escape from taxation for such use is when a similar tax has been paid in another jurisdiction.

"For this reason, this Court is of the opinion that the intent of the purchaser, at time of purchase of the airplane in question, is immaterial to imposition of the Use Tax."

The judgment of the trial court is affirmed. Costs incident to the appeal are adjudged against Oscar M. Weaver, and his surety.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.