**Terry DEARMAN, F/K/A Terry Prinz, Appellant,**

v.

**Iris DUTSCHMANN, Individually and Administratrix of the Estate of Daniel Ray Prinz, Deceased, Appellee.**

**No. 13–87–066–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 24, 1987.

Rehearing Denied Oct. 22, 1987.

Vaughn L. Westheimer, Corpus Christi, for appellant.

Francis I. Gandy, Jr., David C. Cook, Corpus Christi, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This is an action for damages arising out of the payment of life insurance proceeds to appellee Iris Dutschmann, the mother of decedent. The trial court granted summary judgment on behalf of appellee. Appellant Terry Dearman, the ex-wife of decedent, in three points of error, contends that the evidence raises a material fact issue concerning fraud. We agree and reverse the judgment of the trial court.

In 1978, appellant married Daniel Ray Prinz, hereinafter referred to as "decedent." Using community funds, appellant and decedent purchased a $15,000 double indemnity insurance policy on the life of decedent, with appellant as beneficiary. The couple then divorced on February 17, 1982. The divorce decree, with no specific mention of the insurance policy, contained the following order, which was the only portion of the decree to dispose of property:

> The Court finds that no community property other than personal effects has been accumulated by the parties.
> IT IS DECREED that the property of the parties be and is hereby awarded to the party having possession of such property.

The decree contained no residual clause. Shortly after the divorce, decedent changed the beneficiary of the policy to his mother, the appellee. Daniel Prinz died and the policy proceeds were paid to appellee. Appellant filed an action for fraud and recovery of one-half the face value of the insurance policy from appellee. The summary judgment evidence before us consists of appellant's deposition and affidavit, along with each party's answers to interrogatories and requests for admissions.

"The movant for summary judgment has the burden to show that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law." *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). Appellee contends there is no genuine issue of fraud on the part of decedent because, although the policy was purchased with community funds, it belonged exclusively to decedent by virtue of the divorce decree awarding him all property within his possession. Appellee argues that the insurance policy is a species of property as defined in Tex. Gov't Code Ann. § 312.011(13) (Vernon 1987) and, being property in decedent's possession at the time of divorce, became his separate property.

We must presume the policy was community property before divorce since it was purchased during marriage with community funds. Tex.Fam.Code Ann.Sec. 5.02 (Vernon 1974). The decree however, recited that "no community property other than personal effects has been accumulated by the parties." In order to determine whether the policy was treated in the decree, we must first determine if it can be considered a "personal effect."

"Personal effects" are defined to mean articles of personal property "bearing intimate relation or association to [the] person." *First Methodist Episcopal Church South v. Anderson,* 110 S.W.2d 1177, 1183 (Tex.Civ.App.—Dallas 1937, writ dismissed); *see also Goggans v. Simmons,* 319 S.W.2d 442, 445 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.). Generally considered as personal effects are clothing, jewelry, and similar chattels. We do not consider a life insurance policy to be within the generally accepted meaning of personal effects. A life insurance policy is a written contractual right or obligation which is

binding on the parties thereto. *See Teaff v. Ritchey,* 622 S.W.2d 589, 592 (Tex.Civ. App.—Amarillo 1981, no writ).

Since the divorce decree failed to provide for the division of the policy, appellant and decedent then became joint owners or tenants in common. *See Busby v. Busby,* 457 S.W.2d 551, 554 (Tex.1970). "A cotenant is neither a partner with nor an agent of the other cotenant, and generally, in absence of express authority, cannot act for the other cotenant." *Horlock v. Horlock,* 614 S.W.2d 478, 485 (Tex.Civ.App.—Houston, 1981, writ ref'd n.r.e.). Moreover, he may not interfere with his cotenant's ownership and enjoyment of property. *Id.* at 482.

In the instant case, appellant stated in her deposition that decedent changed the beneficiary of the life insurance policy without her consent. A fact issue is thereby raised as to whether decedent, in doing so, fraudulently deprived appellant of her rights in the policy and proceeds.

Appellee further contends that the summary judgment was proper because appellant knew the policy existed at the time of divorce. However, "knowledge that community assets are undisposed of in a divorce decree does not effectuate a division or transfer of such property." *Yeo v. Yeo,* 581 S.W.2d 734, 737 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.).

Appellant's three points of error are sustained. The judgment of the trial court is REVERSED and the cause REMANDED for trial.