2010 Ark. App. 425

**Kevin Delat WRIGHT, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–1385.**

Court of Appeals of Arkansas.

May 12, 2010.

William O. James, Jr., James Law Firm, Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Deborah Nolan Gore, Asst. Atty. Gen., for Appellee.

WAYMOND M. BROWN, Judge.

A Washington County jury convicted appellant Kevin Wright of two counts of delivery of a controlled substance (marijuana) and sentenced him to three years in the Regional Punishment Facility. Wright argues on appeal that the trial court erred by denying his motion to suppress his custodial statement because the State failed to prove that he knowingly and intelligently waived his *Miranda* rights. We affirm.

Since Wright does not challenge the sufficiency of the evidence supporting his convictions, only a brief recitation of the facts is warranted. Detectives from the Fourth Judicial Drug Task Force in Fayetteville set up two controlled buys from Wright on February 5, 2009, and February 6, 2009, with the help of an informant.[1] Wright was arrested on February 11, 2009, after being pulled over by a patrol unit operated by Officer Brashears. Once at the Fayetteville Police Department, Wright was interviewed by Detective Gregory Lovett. The interview lasted approximately fifteen minutes, and within that time, Wright told Detective Lovett that he had recently lost his job and was selling marijuana out of his apartment to make up for the lost income. Wright filed a motion to suppress his statement on April 27, 2009. Wright's motion hearing took place on August 21, 2009.[2]

Detective Lovett testified that he walked into the interview room and introduced himself to Wright. According to Detective Lovett, he informed Wright of his charges and also advised Wright of his *Miranda* rights. Detective Lovett stated that Wright "indicated he understood the rights" and "said that he would like to speak with me." Detective Lovett said that Wright appeared to be sober, and that his answers were coherent and appropriate to the questions asked. Wright was described as "a little nervous but very cooperative, very cordial and friendly." Detective Lovett stated that during the fifteen-minute interview, Wright admitted to selling marijuana out of his apartment after he lost his job at Lowe's. Detective Lovett testified that he did not record Wright's statement or get Wright to sign anything because they "were more interested in the supplier than the confession."

On cross-examination, Detective Lovett stated that although the interview room was equipped with recording devices, they were not on.[3] Detective Lovett testified that he did not use a *Miranda* form but that he verbally read the rights to Wright. According to Detective Lovett, Wright did not ask for an attorney. Detective Lovett also stated that he never asked Wright his level of education during the interview.

Wright did not testify at the hearing; however, his attorney argued at the conclusion of the hearing that Wright's custodial statement should be suppressed:

[A]s far as the suppression of the statement, I believe that Detective Lovett said he gave the verbal [*Miranda*] Rights to my client, that my client said affirmatively that he understood those rights. There is nothing in writing to say he actually did. There's nothing except for what the detective said and I'm not saying the detective is not credible and that he's lying here in front of

---

1. Each time, the informant purchased an ounce of marijuana from Wright for $100.

2. There were a number of motions addressed at this hearing; however, this appeal only relates to the suppression of Wright's custodial statement.

3. This was a new system, and Detective Lovett testified that he did not know how to use it.

us and in front of you, but we should ask for more from our detectives than remembering that he answered affirmatively to these questions. Also, he didn't ask for level of education. How can you say something is intelligently waived if you have absolutely no idea what the intelligence of the person is, who is waiving these rights. I believe ... the Motion to Suppress should be granted based on it was not intelligently waived. Thank you.

The court denied the motion, stating:

Now, with respect to the statement at the Fayetteville Police Department and I think those of us who hear these cases, prosecute and defend these cases know it's a fairly common practice to in these drug cases attempt to enlist the cooperation of defendants arrested on drug charges to, for the purpose of finding bigger fish so to speak. So the process, procedure that was used by Detective Lovett was not, at least in my judgment, out of the ordinary or unusual or questionable, Now, the issue is whether or not the Defendant, Mr. Wright, made a knowing and intelligent waiver of his rights. There's nothing before the Court to suggest otherwise. Clearly, from what I have heard here today the waiver was knowingly and intelligently made. It was free from any intimidation, threat or other form of coercion. So in my judgment the State, again, has met its burden of proof as it relates to the statement made by the Defendant, Mr. Wright. Therefore the motions we've heard today are denied.

Wright's jury trial took place on August 27, 2009. Detective Lovett testified about the circumstances surrounding Wright's custodial statement. Wright's attorney re-newed his motion to suppress the statement, and the court denied the motion. Detective Lovett stated that after Wright was Mirandized, he "confessed to selling marijuana from his apartment."

On cross-examination, Detective Lovett stated that he did not record Wright's confession. He also stated that he did not take any field notes during the interview.

At the conclusion of the State's case, Wright's attorney renewed the motion to suppress. The motion was denied, and the defense presented its case.

Wright testified that Detective Lovett did not read him any *Miranda* warnings during his interview. Wright also denied confessing to Detective Lovett that he was selling marijuana out of his residence.

Wright's suppression motion was renewed at the conclusion of all of the evidence, and the court denied the motion. The jury found Wright guilty of the charges against him. Wright was sentenced to three years at the Regional Punishment Facility. The judgment and commitment order was filed on August 28, 2009. This timely appeal followed.

■ In reviewing the denial of a motion to suppress a custodial statement, this court looks to see if the confession was the product of free and deliberate choice rather than intimidation, coercion, or deception.[4] When we review a trial court's ruling on the voluntariness of a confession, we make an independent determination based on the totality of the circumstances.[5] We will reverse the trial court only if its decision was clearly against the preponderance of the evidence.[6]

4. *Decay v. State,* 2009 Ark. 566, 352 S.W.3d 319.

5. *Id.*

6. *Id.*

The relevant factors in determining whether a confession was involuntary are age, education, and the intelligence of the accused, as well as the lack of advice as to his constitutional rights, the length of detention, the repeated and prolonged nature of questioning, and the use of mental or physical punishment.[7] In considering the totality of the circumstances, we consider the statements made by the interrogating officer and the vulnerability of the defendant.[8] Additionally, when there is conflicting testimony on the circumstances surrounding the taking of a custodial confession, it is the trial court's province to weigh the evidence and resolve the credibility of the witness.[9]

Wright contends that his custodial statement should have been suppressed because he did not sign a *Miranda* form and because Detective Lovett did not ask him his level of education. However, Wright fails to direct this court to any legal citation supporting this position. We will not entertain arguments unsupported by any legal authority.[10] Wright also argues that Detective Lovett did not advise him of any rights. It was within the province of the trial court to weigh the evidence and to determine the credibility of the witnesses.[11]

The totality of the circumstances supports the trial court's denial of Wright's motion to suppress. Detective Lovett testified that Wright was advised of his rights and voluntarily waived those rights. Detective Lovett stated that while Wright was a little nervous, he was very cooperative, friendly, and cordial. Detective Lo-

vett also said that at the time of the confession, Wright was sober and his answers were coherent. Additionally, there is no evidence that Wright was threatened in any way during the fifteen-minute interview. A preponderance of the evidence supports the trial court's decision. Therefore, we affirm.

Affirmed.

GLADWIN and HENRY, JJ., agree.

7. *Pilcher v. State*, 355 Ark. 369, 136 S.W.3d 766 (2003).

8. *Hood v. State*, 329 Ark. 21, 947 S.W.2d 328 (1997).

9. *Wallis v. State*, 2010 Ark. App. 238, 374 S.W.3d 737.

10. *Weatherford v. State*, 352 Ark. 324, 101 S.W.3d 227 (2003).

