# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
January 19, 2016 Session

## DR. ROBIN M. STEVENSON v. AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001849-14     Robert L. Childers, Judge**

_____

**No. W2015-00425-COA-R3-CV – Filed January 27, 2016**

_____

This appeal involves a lawsuit filed by an insured against his insurer due to the insurer's failure to pay a claim for a theft loss. The trial court granted summary judgment to the insurer, finding no coverage under the policy. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY ARMSTRONG, J.J., joined.

Thomas D. Yeaglin, Memphis, Tennessee, for the appellant, Dr. Robin M. Stevenson.

Carl Knoerr Wyatt, Memphis, Tennessee, for the appellee, American Casualty Company of Reading, Pennsylvania.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

On April 24, 2014, Dr. Robin M. Stevenson ("Plaintiff") filed this lawsuit against his insurer, American Casualty Company of Reading, Pennsylvania ("Insurer"). According to the complaint, Plaintiff is a resident of Memphis, Tennessee, but he and another doctor leased a building in Southaven, Mississippi, and maintained a policy of insurance on the premises to insure against perils including theft. The physicians used the insured premises for "metal work purposes as [they] both enjoyed that type of activity." The complaint alleged that on or about April 27, 2012, while the coverage was in effect, Plaintiff's "trailer and certain expensive antique fencing components" located in the bed of the trailer were stolen from the insured premises. According to the complaint,

Insurer paid the claim for the loss of the trailer but denied coverage for its cargo, i.e., the antique fencing material. Plaintiff alleged bad faith and sought to recover compensatory and punitive damages for breach of the insurance contract. Insurer filed an answer admitting the existence of a dispute over whether Plaintiff's claim was for a covered loss.

Plaintiff filed a motion for summary judgment, contending that Insurer engaged in bad faith by denying coverage for the fencing cargo when it paid the claim for the stolen trailer under the same policy and factual circumstances. Plaintiff submitted an affidavit in which he estimated that the stolen fencing material was worth $10,000.

Insurer filed a cross-motion for summary judgment, denying the existence of coverage under its policy. Insurer claimed that it paid the claim for the loss of the trailer because the policy specifically provided coverage for trailers. However, Insurer maintained that the policy did not provide coverage for the fencing material. Insurer noted that the policy covered "Business Personal Property" but claimed that the fencing material did not qualify as such because Plaintiff admitted in his statement to Insurer that he personally owned the fencing material and that no business was performed at the insured premises. Insurer also acknowledged that the policy provided coverage for "Personal Effects," but again, Insurer claimed that the fencing material did not qualify. The policy endorsement entitled "Personal Effects" stated:

> Personal Effects.
>
> 1. When a Limit of Insurance is shown in the Declarations for Building or Business Personal Property at the described premises, you may extend that insurance to apply to direct physical loss of or damage to personal effects owned by:
>> a. You; or
>> b. Your officers, partners, "members", "managers", "employees", directors or trustees;
> caused by or resulting from a Covered Cause of Loss.
>
> 2. Such property must be located at a described premises.
>
> 3. The most we will pay for loss or damage under this Coverage Extension in any one occurrence is $25,000 at each described premises.
>
> 4. Payments under this Coverage Extension are in addition to the applicable Limits of Insurance.

Insurer claimed that courts in other jurisdictions had construed "personal effects" to mean items typically worn or carried about a person or otherwise personal to the individual. According to Insurer, fencing material did not meet that definition.

2

Plaintiff filed a response to Insurer's motion. Although he did not cite any authority to support his position, he claimed that the phrase "personal effects" is commonly interpreted to include "any and all property that is owned by a person individually but not jointly with others."

Following a hearing, on February 6, 2015, the trial court entered an order denying Plaintiff's motion for summary judgment and granting Insurer's motion for summary judgment. The trial court found as a matter of law that the insurance policy did not provide coverage for Plaintiff's fencing material. The trial court acknowledged the principle that ambiguities in an insurance policy are to be resolved against the drafter. However, the court concluded that "the plain meaning of words should not be ignored, including the plain meaning of 'personal effects.'" Based on the undisputed facts, the trial court found that Plaintiff's fencing material did not constitute "business personal property" or "personal effects" under the policy. As such, the court concluded there was no coverage for the fencing material. Plaintiff timely filed a notice of appeal.

## II. ISSUES PRESENTED

The issues presented on appeal, as we perceive them, are:

1. Whether the trial court erred in concluding that the antique fencing material on Plaintiff's trailer did not qualify as his "personal effects"; and

2. Whether the trial court erred by failing to state sufficient reasons or grounds for its decision in violation of Tennessee Rule of Civil Procedure 56.04.

For the following reasons, we affirm the decision of the circuit court and remand for further proceedings.

## III. STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, No. W2013-00804-SC-R11-CV, --- S.W.3d ---, 2015 WL 6457768, at *12 (Tenn. Oct. 26, 2015). Questions regarding the extent of insurance coverage also present issues of law as they involve the interpretation of contractual language. *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012) (citing *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 436 (Tenn. 2012); *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 703 (Tenn. 2008)). Therefore, we afford no presumption of correctness to the trial court's interpretation. *Id.* (citing *U.S. Bank, N.A. v. Tenn. Farmers Mut. Ins. Co.*, 277 S.W.3d 381, 386 (Tenn. 2009)).

"[I]nsurance policies are, at their core, contracts." *Allstate Ins. Co. v. Tarrant*, 363 S.W.3d 508, 527 (Tenn. 2012) (Koch, J., dissenting). As such, courts interpret insurance policies using the same tenets that guide the construction of any other contract. *Am. Justice Ins. Reciprocal v. Hutchison*, 15 S.W.3d 811, 814 (Tenn. 2000). Thus, the terms of an insurance policy "'should be given their plain and ordinary meaning, for the primary rule of contract interpretation is to ascertain and give effect to the intent of the parties.'" *Clark*, 368 S.W.3d at 441 (quoting *U.S. Bank*, 277 S.W.3d at 386-87). The policy should be construed "as a whole in a reasonable and logical manner," *Standard Fire Ins. Co. v. Chester-O'Donley & Assocs.*, 972 S.W.2d 1, 7 (Tenn. Ct. App. 1998), and the language in dispute should be examined in the context of the entire agreement, *Cocke Cty Bd. of Hwy. Comm'rs v. Newport Utils. Bd.*, 690 S.W.2d 231, 237 (Tenn. 1985).

In addition, contracts of insurance are strictly construed in favor of the insured, and if the disputed provision is susceptible to more than one plausible meaning, the meaning favorable to the insured controls. *Tata v. Nichols*, 848 S.W.2d 649, 650 (Tenn. 1993); *VanBebber v. Roach*, 252 S.W.3d 279, 284 (Tenn. Ct. App. 2007). However, a "strained construction may not be placed on the language used to find ambiguity where none exists." *Farmers-Peoples Bank v. Clemmer*, 519 S.W.2d 801, 805 (Tenn. 1975).

*Garrison*, 377 S.W.3d at 663-64. The "ordinary meaning" envisioned is the meaning that the average policy holder and insurer would attach to the policy language. *Artist Bldg. Partners v. Auto-Owners Mut. Ins. Co.*, 435 S.W.3d 202, 216 (Tenn. Ct. App. 2013) (citing *Swindler v. St. Paul Fire & Marine Ins. Co.*, 444 S.W.2d 147, 148 (Tenn. 1969)).

## IV. DISCUSSION

Again, the policy at issue provided coverage for "personal effects" of the insured located at the described premises. The limited issue before us is whether the fencing material located on Plaintiff's trailer constituted "personal effects."

The term "effects" means movable property or goods. *Merriam-Webster's Collegiate Dictionary* (11th ed. 2014); *Black's Law Dictionary* (10th ed. 2014). However, when coupled with the word "personal," the term takes on a much more limited meaning. *Merriam-Webster's Collegiate Dictionary* defines "personal effects" as "privately owned items (as clothing and jewelry) normally worn or carried on the person." *Merriam-Webster's Collegiate Dictionary* (11th ed. 2014). *Black's Law*

4

*Dictionary* defines "personal effects" as "Items of a personal character; esp., personal property owned by a decedent at the time of death." *Black's Law Dictionary* (10th ed. 2014).

There has been no shortage of litigation in other jurisdictions regarding the meaning of the phrase "personal effects." When construing the term as used in an Ohio statute, the Supreme Court of Ohio explained that "personal effects" generally refers to "tangible property having some intimate association with the owner such as articles which can be carried or worn." *State v. Chaney*, 465 N.E.2d 53, 56 (Ohio 1984). The Court concluded that "[t]he phrase 'personal effects' . . . is not intended to include all items of tangible property having some personal use but is limited to articles having an intimate association with the owner." *Id.* at 54. The majority of other courts have reached the same conclusion, whether considering the use of the phrase in the context of a will, contract, divorce decree, state constitution, or insurance policy. *See, e.g.*, *Beasley v. Wells*, 55 So.3d 1179, 1185 (Ala. 2010) (will; "[t]he term 'personal effects' ordinarily designates only such property that is worn or carried about the person"); *Hatch v. Jones*, 299 P.2d 181, 184 (Ariz. 1956) (contract; "the term 'personal effects' almost invariably is interpreted to mean personal property having a more or less intimate relation with the person"); *Anderson v. Holada*, No. CA 09-57, 2010 WL 1918709, 2010 Ark. App. 425, at *3 (Ark. Ct. App. 2010) (will; "personal effects" did not encompass all personal property because "[w]hen used without qualifying words, the phrase includes 'such tangible property as is worn or carried about the person, or . . . having some intimate relation to the person'") (quoting A.E. Korpela, Annotation, *What Passes Under Terms, "Personal Belongings," "Belonging," "Personal Effect," or "Effects" in Will,* 30 A.L.R.3d 797 (1970)); *Matter of Estate of Roddy*, 784 P.2d 841, 845 (Colo. Ct. App. 1989) (will; "personal effects" has been "consistently defined as referring to 'tangible property worn or carried about the person or . . . having some intimate relation to the person'") (quoting *Black's Law Dictionary*, 1029 (5th ed. 1979)); *Tibbils v. Fed. Ins. Co.*, 119 A.2d 114, 115 (D.C. 1955) (insurance policy; "The phrase 'personal effects' is generally construed to refer to articles associated with the person and having a more or less intimate relation to the owner."); *Sverid v. First Nat'l Bank of Evergreen Park*, 693 N.E.2d 423, 426 (Ill. App. Ct. 1998) (will; the plain and ordinary meaning of "the term 'personal effects' is narrower than 'effects' and ordinarily includes only tangible property having an 'intimate relation to the person'")(quoting *Black's Law Dictionary*, 1143 (6th ed. 1990)); *In re Ensminger's Estate*, 246 N.E.2d 217, 222 (Ind. Ct. App. 1969) (will; "personal effects" only indicated an intention to bequeath items closely associated with the individual); *In re Reitz' Estate*, 516 P.2d 909, 910 (Kan. 1973) ("When used in a will the unqualified term 'personal effects' ordinarily means such tangible personal property as is worn or carried about the person or has some intimate relation to the person."); *State v. Manuel*, 426 So.2d 140, 144 n.2 (La. 1983) (state constitution; "The usual dictionary definition of 'personal effects' limits the term to property worn on or carried about the person or

having some intimate relation to the person."); *Gaston v. Gaston*, 70 N.E.2d 527, 528-529 (Mass. 1947) ("The adjective 'personal' would be unnecessary and useless if it did not restrict the meaning of 'effects,' which standing alone would have covered all personalty. . . . We think that the words 'personal effects' were intended to cover only those articles of tangible personal property that in their use or intended use had some intimate connection with the person of the testatrix."); *In re Estate of Stengel*, 557 S.W.2d 255, 260 (Mo. Ct. App. 1977) (will; "when used in its primary sense, without any qualifying words, [personal effects] ordinarily embraces such tangible property as is worn or carried about the person, or tangible property having some intimate relation to the person of the testator or testatrix"); *Clausen v. Columbia Nat'l Ins. Co.*, 510 N.W.2d 399, 402 (Neb. Ct. App. 1993) (insurance policy; "'personal effects' ordinarily designates only such property that is worn or carried about the person."); *In re Peterson's Estate*, 190 A.2d 418, 419 (N.H. 1963) ("In its primary sense the term 'personal effects' refers only to those articles of tangible personal property that in their use or intended use have some intimate connection with the person of the testatrix."); *Ettlinger v. Importers' & Exporters' Ins. Co. of New York*, 247 N.Y.S. 260, 262 (Ny. App. Term 1931) (insurance policy; "personal effects" is used to designate articles associated with the person, as property having a more or less intimate relation to the person of the possessor); *Huskins v. Huskins*, 517 S.E.2d 146, 151 (N.C. Ct. App. 1999) (will; "personal effects" not as broad as "personal property" but limited to articles associated with or having an intimate relation to the person); *Dearman v. Dutschmann*, 739 S.W.2d 454, 455 (Tex. Ct. App. 1987) (divorce decree; "personal effects" are articles of personal property bearing an intimate relation or association to the person).

To illustrate, courts have held that items such as clothing, jewelry, and similar chattels are generally considered personal effects, but not a life insurance policy, *Dearman*, 739 S.W.2d at 455 (Tex. Ct. App. 1987), or an employee's tools, *Clausen*, 510 N.W.2d at 402 (Neb. Ct. App. 1993), or a boat, *Twiford v. Nueces Cnty. Appraisal Dist.*, 725 S.W.2d 325, 327 (Tex. Ct. App. 1987), or batteries, radiators, or equipment removed from an automobile. *Chaney*, 465 N.E.2d at 54 (Ohio 1984).

The Tennessee Supreme Court considered the meaning of "personal effects" for purposes of a tax statute in *Weaver v. Woods*, 594 S.W.2d 693 (Tenn. 1980). The Retailers' Sales Tax Act, Tenn. Code Ann. § 67-3001, *et seq.*, imposed a use tax on certain personal property. *Id.* at 694. However, it exempted from the use tax:

> the personal automobile, the personal effects, or the household furniture to be used in the residence of a person, who, having been a bona fide resident of another state, has moved to and become a resident of Tennessee, and has caused to be imported into Tennessee such personal automobile, personal effects, or household furnishings.

6

*Id.* The plaintiff insisted that his airplane was a "personal effect" exempted from the use tax. *Id.* The supreme court noted that it was required to give the statutory language its "natural, ordinary and commonly accepted meaning," but also, to construe tax exemptions against the individual claiming the exemption. *Id.* at 695. Following these guidelines for statutory construction of taxation statutes, the court concluded that "one must assume that the Legislature intended to exclude only automobiles and furniture, expressly exempted, and other personal effects having an intimate relation to the person." *Id.* (citing *Black's Law Dictionary*, Revised, 4th Edition). The court continued, "To construe the term 'personal effects' to include an airplane would be a forced construction clearly not intended." *Id.*

The common theme in the definitions cited above from dictionaries, other jurisdictions, and the *Weaver* case is that "personal effects" are items that have an intimate relation or connection to the individual. Consequently, we agree with the trial court's conclusion that the antique fencing material on Plaintiff's trailer did not qualify as his "personal effects."[1]

We also conclude that the trial court's order provided a sufficient explanation for its ruling. Tennessee Rule of Civil Procedure 56.04 requires a trial court to "state the legal grounds upon which the court denies or grants the motion [for summary judgment], which shall be included in the order reflecting the court's ruling." Here, the trial court found as a matter of law that the insurance policy did not provide coverage for Plaintiff's fencing material. The trial court acknowledged that ambiguities in an insurance policy are to be resolved against the drafter but concluded that "the plain meaning of words should not be ignored, including the plain meaning of 'personal effects.'" Noting the undisputed facts, the trial court found that Plaintiff's fencing material did not constitute "personal effects" under the policy. The order does not require us to speculate as to the legal grounds for the trial court's decision. It is sufficient under Rule 56.04.

---

[1]Some courts have held that the phrase "personal effects" may have a broader meaning when the context so requires. *See In re Douglass' Estate*, 161 P.2d 66, 68 (Cal. App. 1945) (acknowledging "the general rule adhered to in most jurisdictions" that where a testator uses the term "personal effects" without qualification, it will be construed to bequest such personal property as is worn or carried about the person, but recognizing that the term may be construed in a broader sense when the testator has amplified the term by adding qualifying words or phrases). In *U.S. v. Bomar*, 8 F.3d 226, 234-35 (5th Cir. 1993), the Court concluded that a statute's reference to "'household goods, furniture, or personal effects' [was] intended to embrace a broad category of tangible personal property held by military personnel for their personal use," including their personal automobile. However, the insurance policy in this case simply uses the term "personal effects" without any additional words or phrases that would suggest a broader meaning from the context.

## V. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellant, Dr. Robin M. Stevenson, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE