**Tammy Renee MAGGART**

v.

**ALMANY REALTORS, INC. et al.**

Supreme Court of Tennessee,
at Nashville.

June 3, 2008 Session.

Aug. 14, 2008.

Arthur E. McClellan, Gallatin, Tennessee, for the appellant, Almany Realtors, Inc.

Jeffrey O. Powell, Nashville, Tennessee, for the appellee, Tammy Renee Maggart.

## OPINION

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which JANICE M. HOLDER, CORNELIA A. CLARK, GARY R. WADE and WILLIAM C. KOCH, JR., JJ., joined.

In this personal injury case, the plaintiff was an employee of the defendant and was injured on the job. The trial court granted the defendant's motion for summary judgment concluding that the plaintiff had executed a general release of liability in favor of the defendant. The Court of Appeals reversed, holding that the release was invalid as against public policy. Upon thorough consideration of the record and of the applicable law, we hold that summary judgment was inappropriate because the release of liability only covered accidents occurring while the plaintiff was running errands off-premises and did not cover the particular accident at issue in this case. Therefore, we affirm the Court of Appeals' decision denying summary judgment, on alternate grounds, and remand this case to the trial court for further proceedings.

## Factual Background

In August 2002, the plaintiff, Tammy Renee Maggart, began working for the defendant, Almany Realtors, Inc., as an administrative assistant. At that time, there were only two other employees of the company: Frances Almany, the president, and Vicki Louallen, the office manager.

In January 2004, Ms. Almany approached Ms. Maggart and asked her to draft and sign a document that would release Almany Realtors, Inc. from liability. Ms. Maggart agreed, and she drafted and signed the following document:

January 23, 2004

To Whom It May Concern:

I Tammy Renee Bivens [1] release Almany Realtors, Inc. from any liability if I am running business or personal errands that I agree to do on company time. If I am in an accident or injured, I will not hold Almany Realtors, Inc. or any employees at fault or liable.

Sincerely,

s/ Tammy Renee Bivens

Tammy Renee Bivens

Although not material to the resolution of the issue in this case, there are facts in dispute regarding the scope and intent of this document. Ms. Almany testified via deposition that she had been growing concerned that if Ms. Maggart were injured on the job, the company would be liable, causing potential financial strain. It was her intention that the release cover all injuries, both those occurring on the premises and off. On the other hand, Ms. Maggart believed that she was only releasing liability for accidents and injuries occurring while she was running errands off-premises, such as her regular trips to the bank. It is also disputed whether Ms. Almany made her concerns and the intended scope for the release clear to Ms. Maggart.

On February 24, 2003, Ms. Maggart was injured in the office of Almany Realtors, Inc. While standing on a step-stool and working out of the top drawer of a filing cabinet, the filing cabinet fell over and

---

1. The plaintiff's name was "Bivens" throughout the time that she worked for Almany Realtors, Inc. She later married and changed her name to "Maggart."

knocked her to the ground, injuring her head and back.

Ms. Maggart filed suit against Almany Realtors, Frances Almany, and Vicki Louallen seeking damages for personal injuries suffered in her February 2003 accident. Because Almany Realtors, Inc. was not subject to Tennessee's workers' compensation laws,[2] the complaint alleged damages only in common law tort. In their answer, the defendants plead as an affirmative defense that Ms. Maggart had executed a general release that absolved each of them of all liability. They also denied the existence of any corporate entity with the name "Almany Realtors."

The defendants filed a motion to dismiss, which the trial court treated as motion for summary judgment after hearing arguments. However, the court elected not to rule on the motion until discovery had been completed. Following discovery, the court initially entered an order denying summary judgment after concluding that there was a dispute of material fact with respect to the identity of the corporate defendant. The defendants filed a motion to alter and amend and a second motion to dismiss the original complaint, along with the affidavit of Frances Almany, stating that "Almany Realtors" was not a legal entity. The trial court dismissed the complaint against Frances Almany and Vicki Louallen individually based upon the court's finding that the release of liability was unambiguous and that it released the individual defendants from liability for all accidents and injuries.

Ms. Maggart amended her complaint to correctly name the corporate defendant, Almany Realtors, Inc., which responded with an answer and a motion to dismiss based on the release of liability. The trial court granted the motion to dismiss consis-

tent with its prior holding that the release covered all accidents and injuries, including the one at issue in this case.

Ms. Maggart filed a notice of appeal only as to Almany Realtors, Inc. The Court of Appeals reversed the trial court's dismissal, holding that the release was void as against public policy. We granted review.

### Analysis

■ Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03; *Teter v. Republic Parking Sys.*, 181 S.W.3d 330, 337 (Tenn.2005); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). Because the review of a trial court's grant of summary judgment is a question of law, the standard of review is de novo, according no presumption of correctness to the trial court's determination. *Teter*, 181 S.W.3d at 337; *Christenberry v. Tipton*, 160 S.W.3d 487, 491–492 (Tenn. 2005).

■ In the present case, all facts material to this appeal are undisputed, and the issue presented is solely one of law—the interpretation of the release of liability. The interpretation of written agreements is a question of law that this Court reviews de novo on the record according no presumption of correctness to the trial court's conclusions of law. *See Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn.1999); *Union Planters Nat'l Bank v. Am. Home Assurance Co.*, 865 S.W.2d 907, 912 (Tenn. Ct.App.1993).

■ "The cardinal rule for interpretation of contracts is to ascertain the intention of the parties and to give effect to that

---

**2.** The Tennessee Workers' Compensation Act does not apply "[i]n cases where fewer than

five (5) persons are regularly employed." Tenn.Code Ann. § 50–6–106(5) (2005).

intention, consistent with legal principles." *Bob Pearsall Motors, Inc. v. Regal Chrysler–Plymouth, Inc.*, 521 S.W.2d 578, 580 (Tenn.1975); *see also Christenberry*, 160 S.W.3d at 494. If the language of the contract is clear and unambiguous, the literal meaning controls the outcome of the dispute. *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 890 (Tenn.2002). In such a case, the contract is interpreted according to its plain terms as written, and the language used is taken in its "plain, ordinary, and popular sense." *Bob Pearsall Motors, Inc.*, 521 S.W.2d at 580; *Planters Gin Co.*, 78 S.W.3d at 890. The interpretation should be one that gives reasonable meaning to all of the provisions of the agreement, without rendering portions of it neutralized or without effect. *See Davidson v. Davidson*, 916 S.W.2d 918 922–23 (Tenn.Ct.App.1995). The entire written agreement must be considered. *D. & E. Const. Co. v. Robert J. Denley Co.*, 38 S.W.3d 513, 518–19 (Tenn. 2001).

> In construing a contract, the entire contract should be considered in determining the meaning of any or all of its parts. It is the universal rule that a contract must be viewed from beginning to end and all its terms must pass in review, for one clause may modify, limit or illuminate another.

*Cocke County Bd. of Highway Comm'rs v. Newport Utils. Bd.*, 690 S.W.2d 231, 237 (Tenn.1985) (internal citations omitted).

■ However, on occasion, a contractual provision may be susceptible to more than one reasonable interpretation, rendering the terms of the contract ambiguous. *Planters Gin. Co.*, 78 S.W.3d at 890. "Ambiguity, however, does not arise in a contract merely because the parties may differ as to interpretations of certain of its provisions. A contract is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one." *Johnson v. Johnson*, 37 S.W.3d 892, 896 (Tenn.2001) (internal quotation marks and citations omitted). The court will not use a strained construction of the language to find an ambiguity where none exists. *Farmers–Peoples Bank v. Clemmer*, 519 S.W.2d 801, 805 (Tenn.1975).

■ In this case, Ms. Maggart drafted and signed a document [3] that purported to release Almany Realtors, Inc. from liability. The key issue is whether that release of liability extends to the accident that took place within the office of Almany Realtors, Inc. on February 24, 2003. Ms. Maggart contends that the release only covered accidents or injuries that might occur while she was out of the office running errands on company time. The defendant, however, argues that the release covered all accidents and injuries, both outside and inside the office. Both parties argue that the contract is unambiguous.

■ The trial court held that the release was unambiguous in favor of the defendant, finding it to be a general release. While we agree with the trial court that the contract is unambiguous, we hold that it only released Almany Realtors, Inc. from liability for accidents and injuries occurring while Ms. Maggart was running

---

**3.** It is questionable as to whether there was adequate consideration for this release. It is a basic principle of law that all contracts must be supported by adequate consideration. *Bratton v. Bratton*, 136 S.W.3d 595, 600 (Tenn.2004); *Ward v. Sharpe*, 139 Tenn. 347, 200 S.W. 974, 974 (1917). Consideration may be either a benefit to the promisor or a detriment to, or an obligation upon, the promisee. *Bratton*, 136 S.W.3d at 600; *Brown Oil Co. v. Johnson*, 689 S.W.2d 149, 151 (Tenn.1985). However, the issue of whether there was any consideration given in exchange for the release of liability was not raised until the matter was before this Court, and therefore it is waived.

errands outside of the physical office environment.[4]

The release contains only two sentences, which are joined together into one paragraph.

> I Tammy Renee Bivens release Almany Realtors, Inc. from any liability if I am running business or personal errands that I agree to do on company time. If I am in an accident or injured, I will not hold Almany Realtors, Inc. or any employees at fault or liable.

The meaning of the first sentence is agreed upon by both parties: if Ms. Maggart is injured while running errands outside of the office but during work hours, she will not hold Almany Realtors, Inc. or its employees liable. It is the meaning of the second sentence over which the parties disagree.

If we were to read the second sentence independently and in isolation, we could read it to mean that Ms. Maggart was releasing Almany Realty, Inc. and its employees from all liability for any injury sustained either at the workplace or while she was out running errands. However, we cannot read portions of a contract in isolation-they must be read together to give meaning to the document as a whole. *See Davidson*, 916 S.W.2d at 922–23. To do otherwise would render the first sentence meaningless. If there was a general release for all injuries or accidents, there would be no need to have a specific release for injuries or accidents while running errands.

Instead, when read together, it becomes clear that the release is limited to accidents and injuries that might occur while Ms. Maggart is "running business or personal errands." The first sentence explains when liability is being released-when Ms. Maggart is out of the office

running errands. The second sentence explains whose liability is being released and for what-Almany Relator's Inc. and its employee's liability for any accident or injury.

### Conclusion

In sum, we hold that the release document is unambiguous and only releases liability for accidents and injuries occurring while Ms. Maggart is off-premises, running errands. Therefore, the accident at issue in this case does not fall under the release. We affirm the Court of Appeals in reversing the trial court's grant of summary judgment and remand the case to the trial court for further proceedings.

Costs of this appeals are taxed to the appellant, Almany Realty, Inc., for which execution may issue if necessary.

---

4. By finding that the release did not extend to the accident at issue in this case, we do not reach the public policy issue addressed by the Court of Appeals.