FILED

08/31/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 23, 2017 Session

## ALLSTATE INSURANCE COMPANY v. KAIGLER & ASSOCIATES, INC.

**Appeal from the Chancery Court for Williamson County**
**No. 43913    James G. Martin, III, Judge**

_____

**No. M2016-01003-COA-R3-CV**

_____

Declaratory judgment action in which an insurance company seeks a determination of its coverage obligations arising out of a business insurance policy it issued relative to a class action suit brought against the insured for sending unsolicited faxes in violation of the Telephone Consumer Protection Act ("TCPA").  The court granted the insurance company's motion for summary judgment in part, holding that the insurance company had no duty to indemnify under the "accidental event" coverage or the "personal injury" coverage, that the company had a duty to defend under the "advertising injury" coverage, and that the company had a duty to defend against all claims.  The insured filed a motion to alter or amend, which was denied by the court.  On appeal, the insured argues that the court issued an improper advisory opinion, erred in holding the company had no duty to indemnify under the "accidental event" coverage, and abused its discretion by failing to consider new evidence proffered in the insured's motion to alter or amend the judgment.  Finding no error, we affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

David L. Cooper, Nashville, Tennessee, for the appellant, Kaigler & Associates, Inc.

Jay R. McLemore, Franklin, Tennessee; Michael Resis and Christine V. Anto, Chicago, Illinois, for the appellee, Allstate Insurance Company.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

Kaigler & Company, Inc. ("Kaigler" or "Defendant") is a surplus line insurance company that makes specialty insurance products available to independent agents; it is owned by David Kaigler. A class action suit ("the Underlying Suit") was filed against Kaigler in the Circuit Court of Cook County, Illinois, which alleged that Kaigler sent unsolicited fax messages to recipients in violation the Telephone Consumer Privacy Act ("TCPA"). The complaint sought statutory damages under the TCPA in the amount of $500 per violation; alleged that Kaigler's practice of faxing unsolicited advertisements caused the recipients to lose paper, toner, and the use of their fax machines, as well as lost time by employees; and that Kaigler knew or should have known that it did not have permission to send the faxes. The court granted partial summary judgment in favor of plaintiffs, holding that all elements of the TCPA claim had been met; the court denied, without prejudice, the portion of the motion directed at damages.

On February 19, 2015, Allstate Insurance Company ("Allstate"), which issued a Customizer Business Insurance Policy to Kaigler, filed suit in Williamson County Chancery Court, seeking a declaration of its responsibility to defend Kaigler in the Underlying Suit and what coverage was triggered under the policy. Specifically, Allstate sought a determination that its obligations to Kaigler arose "only under the 'advertising injury' coverage and that a duty to defend Kaigler does not arise under the 'accidental event' coverage" or the personal injury coverage. Kaigler answered, *inter alia*, denying the allegations of the complaint and asserting that Allstate failed to state a claim for relief. In due course, Allstate filed a motion for summary judgment, contending that it had no duty to defend or indemnify Kaigler in the Underlying Lawsuit under the "advertising injury," "accidental event," or "personal injury" coverage. The court granted Allstate's motion in part, holding that Allstate did not have a duty to indemnify under the "accidental event" or "personal injury" coverage; that it had a duty to defend Kaigler under the "advertising injury" coverage; and that "[b]ecause Allstate has a duty to defend Kaigler under the 'advertising injury' coverage … Allstate has a duty to defend Kaigler against all claims."

Kaigler filed a motion to alter or amend the judgment, requesting that the court reconsider the grant of summary judgment on the issue of Allstate's duty to indemnify under its "accidental event" coverage. The court denied Kaigler's motion, holding that two affidavits Kaigler proffered as new information would not have changed the outcome of the case, that the information contained in the affidavits was available at the time summary judgment was granted, and that adjudication of the duty to indemnify question was proper in light of the status of the underlying class action in which liability had been determined. On appeal, Kaigler asks this court to determine whether the trial court erred

in ruling on Allstate's motion and whether the trial court erred in ruling that Allstate has no duty to defend or indemnify under the "accidental event" coverage.

## II. ANALYSIS

## A. The Trial Court's Consideration of the Coverage Limits

We first examine Kaigler's contention that because the duty to defend is not actually in dispute and the duty to indemnify is premature, the trial court improperly issued an advisory opinion. Kaigler bases this contention on the holding in *Policemen's Ben. Ass'n of Nashville v. Nautilus Ins. Co.*, that "because an insurer's duty to indemnify is dependent upon the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." M2001-00611-COA-R3-CV, 2002 WL 126311, at *8 (Tenn. Ct. App. Feb. 1, 2002).

Relative to this issue, the trial court held:

I. The Underlying Suit

On November 24, 2008, suit was filed against Kaigler in Cook County, Illinois ("the Underlying Suit"). The Complaint in the Underlying Suit alleged Kaigler sent unsolicited fax messages to numerous recipients in violation of the Telephone Consumer Privacy Act (TCPA), 47 USC § 227 (2010). Specifically, the Underlying Suit alleged Kaigler's "practice of faxing unsolicited advertisements" caused the recipients inconvenience, loss of paper and toner, loss of the use of their fax machines, and Kaigler "knew or should have known" it did not have permission to send the faxes. In December 2014, a class was certified in the Underlying Lawsuit.

The court in the Underlying Suit partially granted the Plaintiff's Motion for Summary Judgment. The court found that all elements of a TCPA claim had been met, including "that Plaintiff gave neither prior, express invitation nor permission to [Kaigler] to send faxes."[1] However, the court did not reach the issue of damages; it found deficiencies in the evidence proffered for the purpose of providing damages because "the number of faxes [was] undeterminable considering the evidence properly before the court." Consequently, the court denied, without prejudice, the portion of the Motion for Summary Judgment directed at damages.

[1] The court stated:

"The undisputed facts show that [Kaigler]'s faxes were unsolicited. [Kaigler] did not obtain the consent of any persons or entities on the D&B List before sending them fax advertisements. (See Pl.'s Ex. 6,

> Kaigler Dep. 4:3-5, 10-13.) Similarly, [Kaigler] does not proffer evidence that it obtained consent from any person or entity on the A-list before sending them fax advertisements. (Id. at 57:13-20.) Accordingly, the court finds in [Plantiff]'s favor on this element.

Kaigler's contention is without merit. Tennessee Code Annotated section 29-14-103 allows for "any person interested under a . . . written contract . . . [to] have determined any question of construction . . . arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder." Tenn. Code Ann. § 29-14-103. While the Underlying Suit has not come to a final resolution, Kaigler's liability under the TCPA has been determined, and the only matter remaining is the amount of damages to be awarded to class members. Thus, a determination of Allstate's obligations under Kaigler's business policy is authorized by the statute and is not premature; in making a determination regarding the extent of Allstate's duties under the insurance policy, the court did not issue an advisory opinion.

## B. Allstate's Motion for Summary Judgment

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits…show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. In *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015), the Supreme Court directed:

> "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. . . . [S]ummary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. . . .

477 S.W.3d at 264-65. This was the standard utilized by the trial court herein.

This court reviews the trial court's ruling on a motion for summary judgment *de novo* with no presumption of correctness, as the resolution of the motion is a matter of law. *Rye,* 477 S.W.3d at 250 (citing *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997); *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010)). We view the evidence in favor of the non-moving party by resolving all reasonable

inferences in its favor and discarding all countervailing evidence. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

"[Q]uestions regarding the extent of insurance coverage present issues of law involving the interpretation of contractual language." *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012) (citing *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 436 (Tenn. 2012); *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 703 (Tenn. 2008)). As a general rule, we apply the same rules of construction when interpreting insurance contracts as are applicable to other types of contracts. *Fisher v. Revell*, 343 S.W.3d 776, 779 (Tenn. Ct. App. 2009) (citing *Philips v. United Servs. Auto. Ass'n*, 146 S.W.3d 629, 633 (Tenn. Ct. App. 2004)). Where the language of a contract is "clear and unambiguous, the literal meaning controls" and the "language is taken in its 'plain, ordinary, and popular sense.'" *Maggart*, 259 S.W.3d at 704 (quoting *Bob Pearsall Motors, Inc.,* 521 S.W.2d 578, 580 (Tenn. 1975); *Planters Gin Co.,* 78 S.W.3d 885, 890 (Tenn. 2002)).

Because the interpretation of a contract is a question of law, the trial court's interpretation is accorded no presumption of correctness on appeal. *Stonebridge Life Ins. Co. v. Horne*, No. W2012-00515-COA-R3-CV, 2012 WL 5870386, at *3 (Tenn. Ct. App. Nov. 21, 2012) (citing *Guliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999); *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006); *Angus v. Western Heritage Ins. Co.*, 48 S.W.3d 728, 730 (Tenn. Ct. App. 2000)). Accordingly, we must review the contractual language ourselves and reach our own conclusion as to its meaning and legal import. *Hillsboro Plaza Enters. v. Moon*, 860 S.W.2d 45, 47 (Tenn. Ct. App. 1993).

Kaigler contends that the trial court erred in holding that Allstate had no duty to defend or indemnify under the "accidental event" coverage; Kaigler argues that because he did not intend for the recipients of the bulk fax transmissions to be injured, that its actions are covered under the "accidental event" coverage. Allstate contends that the court correctly granted summary judgment because Kaigler's sending of the bulk faxes is an intentional or expected act and cannot be considered an "accidental event" within the meaning of the policy.

In support of the motion, Allstate filed a Statement of Material Facts and several exhibits, including pleadings from this case, pleadings from the Underlying Suit, and the policy at issue. Kaigler admitted each statement of material fact; it did not file a separate statement of undisputed material facts or any other evidence in opposition to the motion. Upon our review of the relevant language of the policy and pleadings from the Underlying Suit, which were included in the Statement of Material Facts, Allstate put forth sufficient evidence to establish that it was entitled to summary judgment that it had no duty to defend or indemnify under the "accidental event" coverage.

The policy states that Allstate "will pay on behalf of persons insured all sums which they become legally obligated to pay as damages arising out of an accidental

5

event, personal injury or advertising injury that occurs while this policy is in effect." The policy defines "accidental event" as:

> "Accidental event" means an accident, including continuous or repeated exposure to the same conditions, resulting in bodily injury or property damage. An accident cannot be intended or expected by any persons insured, except for the use of reasonable force to protect persons and property.

In addition to this definition, pertinent evidence on this issue included Kaigler's admission in response to Allstate's Statement of Undisputed Facts that the Underlying Suit alleged that Kaigler "sent unsolicited fax advertisements to members of a class of plaintiffs without the recipients' permission or invitation" and that the faxes caused the recipients to lose paper, toner, and the use of their fax machine.

The language of the policy explicitly states that an accident "cannot be intended or expected by any persons insured." Our Supreme Court examined similar "intended or expected" exclusion language in *Tennessee Farmers Mut. Ins. Co. v. Evans*, 814 S.W.2d 49 (Tenn. 1991), and held that "in order to find that an intended or expected acts exclusion applies, it must be established that the insured intended the act and also intended or expected that injury would result." *Id*. at 55.

Kaigler's "act" of sending the faxes was intended; the "injury," as put forth in the Underlying Suit, as a loss of paper and toner, is an expected result of the transmission of a fax. Thus, Kaigler's action of sending the faxes does not fall within the definition of "accident," as set forth in the policy. Moreover, the plain, literal, and popular definition of the word "accident" is "an unforeseen and unplanned event or circumstance." *Accident Definition*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/accident (last visited Aug. 28, 2017). Kaigler's intentional sending of the faxes was not an unplanned event or circumstance. Allstate put forth evidence sufficient to prove that the undisputed facts entitle it to summary judgment, thus shifting the burden to Kaigler to introduce evidence establishing a genuine issue of material fact for trial.

In responding to Allstate's Motion, Kaigler argued that because it did not intend for the sent faxes to injure the recipients, coverage was not precluded under the "accidental event" coverage. Kaigler failed to put forth any evidence, by affidavit or otherwise, establishing a material question of fact to support this argument. Construing the definition of accidental event in light of the undisputed facts, Allstate was entitled to judgment as a matter of law.

## C. Kaigler's Rule 59.04 Motion to Alter or Amend

A Rule 59.04 motion to alter or amend "should be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) (citing *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998) (overruled in part on other grounds by *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000)). In considering newly proffered evidence, the trial court should consider several factors: "the moving party's effort to obtain the evidence in responding to the summary judgment; the importance of the new evidence to the moving party's case; the moving party's explanation for failing to offer the evidence in responding to the summary judgment; the unfair prejudice to the non-moving party; and any other relevant consideration." *Stovall*, 113 S.W.3d at 721 (citing *Harris*, 33 S.W.3d at 744).

We review a trial court's ruling on a motion to amend under an abuse of discretion standard. *Stovall*, 113 S.W.3d at 721 (citing *Harris*, 33 S.W.3d at 746). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

Kaigler contends that the court erred in denying its Rule 59.04 motion, which asserted that summary judgment was improper because (1) there is a genuine issue of material fact, (2) a determination of the duty to indemnify should not have been made before there is an underlying judgment against Kaigler, or, alternatively, (3) Allstate has a duty to defend under the "accidental event" coverage. In support of his motion, Kaigler submitted two affidavits of David Kaigler. The first affidavit[1] was made and entered in

---

[1] The court acknowledged that the first affidavit was introduced as evidence "in a practically identical federal court suit" which "was subsequently dismissed on jurisdictional grounds." The affidavit contained the following paragraphs pertinent to this issue:

> 4. At no time when I directed employees of Kaigler & Company to fax advertisements to potential independent insurance agent customers, or when I faxed them myself, did I know that the sending such faxes violated any law. When I first learned that the sending of these faxes may have violated the Telephone Consumer Protection Act (which I had never heard of), I directed Kaigler & Company's employees to stop sending them.

> 5. At no time when I directed employees of Kaigler & Company to fax advertisements to potential independent insurance agent customers, or when I faxed them myself, did I think doing this was harmful to the fax recipients. I realized that these one page faxes were printed on the recipients [sic] paper, using very small amounts of their ink and toner, but believed that the value of the information in the faxes about insurance products

the course of a previous suit between the parties; the second affidavit was made after the court granted Allstate's summary judgment.[2]

The court made the following determination in the order denying Kaigler's motion:

> This Court finds that the law was properly applied in the Order disposing of Plaintiff's Motion for Summary Judgment. Further, this Court finds the newly submitted evidence should not be considered. Finally, this Court finds that the newly submitted evidence, even if considered, would not necessitate a modification of this Court's previous judgment because this Court agrees with other courts that have held that an insurer does not have a duty to indemnify an insured party pursuant to an 'accidental event' clause which contains an 'intended and expected event' exception when the underlying suit alleges a violation of the TCPA, even when the insured alleges the violation was a result of negligence.

In considering the newly proffered affidavits, the court properly considered the relevant factors—the importance of the new evidence and Kaigler's reasoning for failing to submit the evidence in its response to the motion for summary judgment. As respects the importance of the new evidence, the court determined that the affidavits would not change the outcome of the case. With respect to Kaigler's explanation for not submitting the affidavits in response to the motion for summary judgment, the court determined that Kaigler offered no justifiable reason why it did not submit the first affidavit, which existed at the time the motion for summary judgment was filed, nor did it offer any reason for why the information contained in the second affidavit was not available to him prior the entry of summary judgment.

---

that the agent customers may have needed in their business would offset any minimal inconvenience caused by them having to print the faxes.

[2] The affidavit contained the following pertinent paragraphs:

> 5. Kaigler always believed that he had obtained the consent of the companies on the D&B list to receive information to their fax numbers, including advertisements about information relevant to their businesses. Kaigler further believed that it had the consent of the persons on the D&B list to send them information about Kaigler & Associates' services and that the persons on the list wanted to receive information by fax.
>
> ***
> 8. Kaigler did not intend to injure any of the recipients. Kaigler would not have sent advertisements by facsimile if it had known that [it] did not have the consent of those persons on the D&B list to receive advertisements by fax transmission.

As stated *supra*, we review the trial court's denial of a motion to alter or amend under an abuse of discretion standard. Upon our review, Kaigler suffered no injustice, as it had the opportunity to put forth the evidence proffered in the affidavits prior to the entry of summary judgment. *See Jerles v. Phillips*, No. M2005-01494-COA-R3-CV, 2006 WL 2450400, at \*6 (Tenn. Ct. App. Aug. 22, 2006) ("The non-moving party must fully oppose a motion for summary judgment before it is granted rather than rely on Rule 59.04 to overturn a summary judgment after only weakly opposing the motion."). The trial court applied the correct legal standard in its determination, based its decision on sound reasoning, and made a clear assessment of the evidence. The court did not abuse its discretion in denying the motion to alter or amend.

### III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed in all respects.

_____
RICHARD H. DINKINS, JUDGE