**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0442n.06

No. 17-6246

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 24, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WRIGHT MEDICAL TECHNOLOGY, INC., | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| SPINEOLOGY, INC., | ) | |
| | ) | **OPINION** |
| **Defendant-Appellee.** | ) | |
| | ) | |

Before: MOORE, THAPAR, and NALBANDIAN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Wright Medical Technology, Inc., ("Wright") appeals the district court's grant of summary judgment to Spineology, Inc., ("Spineology"). For the following reasons, we **VACATE** the district court's judgment and **REMAND** for further proceedings regarding Wright's first and second claims against Spineology.

## I. BACKGROUND

Spineology produces a surgical reaming device called a "Shaper." R. 49-11 (Resp. Ex. K, Prod. Sheet) (Page ID #987) (Sealed). Between 2006 and 2007, Spineology sold Shapers and blade assemblies to Wright. R. 49 (Resp. ¶ 1) (Page ID #809) (Sealed). When the sale occurred, Wright provided Spineology with a Supplier Manual, which had an indemnity clause. R. 49-8 (Resp. Ex. H, Supplier Manual) (Page ID #928, 935) (Sealed). This is the clause at issue in this action.

Wright then began to make, offer, and sell its own reaming device after 2007, which Wright called the X-Ream. R. 49 (Resp. ¶ 3) (Page ID #810) (Sealed). To use the X-Ream, Wright instructs surgeons to use the Shaper with a cannula. R. 49-3 (Resp. Ex. C, Ortho. Infringe. Content. at 19) (Page ID #866) (Sealed). The issue in this action is whether Spineology needs to indemnify Wright because of the use of a Shaper *with* a cannula.

In 2013, Orthophoenix, LLC ("Orthophoenix") filed an action against Wright for patent infringement because of Wright's use of the Shaper with a cannula. *See* R. 1-4 (Compl. Ex. D, Ortho. Compl.) (Page ID #14). Orthophoenix alleged that the X-Ream products that Wright made and sold infringed two of its patents. *Id.* ¶¶ 13, 14 (Page ID #16, 17) (Sealed). Eventually, Wright and Orthophoenix settled the action. *See* R. 43-9 (Mot. Ex. 7, Settle.) (Page ID #479) (Sealed).

On September 13, 2016, Wright brought this action in the United States District Court for the Western District of Tennessee. R. 1 (Compl.) (Page ID #1). In its complaint, Wright alleged three claims: (1) entitlement to a declaratory judgment stating that Spineology has a duty to indemnify Wright, (2) breach of contract, and (3) breach of implied warranty under Tennessee Code Annotated § 47-2-312(3). *Id.* ¶¶ 19–41 (Page ID #5–8). Spineology then pleaded three counterclaims against Wright: (1) entitlement to a declaratory judgment stating that Wright did not notify Spineology about the Orthophoenix litigation soon enough, (2) breach of contract, and (3) entitlement to a declaratory judgment stating that Spineology does not have a duty to indemnify because it sold its shapers "as-is." R. 38 (Answer ¶¶ 8–29) (Page ID #280–84).

2

Wright then moved to dismiss two of Spineology's counterclaims: (1) breach of contract and (2) entitlement to a declaratory judgment stating that Spineology does not have a duty to indemnify. R. 42-1 (Mot.) (Page ID #299) (Sealed). Spineology next moved for summary judgment on all of Wright's claims. R. 43 (Mot.) (Page ID #344) (Sealed). Then, Wright also moved for summary judgment regarding two issues: Wright does not need to prove (1) alleged infringement for its indemnity claim or (2) actual infringement for its entitlement to indemnity under § 47-2-312(3). R. 46 (Mot.) (Page ID #543) (Sealed).

The district court examined all three of these motions at once. R. 75 (Order at 1) (Page ID #1304) (Sealed). The district court granted Spineology's motion for summary judgment regarding Wright's claims, denied Wright's motion for summary judgment, granted Wright's motion to dismiss Spineology's breach-of-contract claim, and denied as moot Wright's motion to dismiss Spineology's counterclaim that Spineology is entitled to a declaratory judgment stating that Spineology does not have a duty to indemnify. *Id.* at 23 (Page ID #1326) (Sealed). The parties then stipulated to dismiss without prejudice Spineology's remaining counterclaims: (1) entitlement to a declaratory judgment stating that Wright did not notify Spineology about the Orthophoenix litigation soon enough and (2) entitlement to a declaratory judgment stating that Spineology does not have a duty to indemnify because it sold its shapers "as-is." R. 80 (Stip.) (Page ID #1334). Based on this stipulation, the district court entered an order dismissing these two counterclaims. R. 81 (Order) (Page ID #1336). The district court then entered a final judgment. R. 82 (J.) (Page ID #1337).

Wright has appealed the judgment. R. 83 (Notice of Appeal) (Page ID #1338). In this appeal, Wright argues that the district court incorrectly granted summary judgment regarding (1) Spineology's duty to indemnify Wright and (2) the breach of implied warranty against infringement under § 47-2-312(3). Appellant's Br. at 2.

## II. DISCUSSION

This court reviews de novo the grant of summary judgment. *Schleicher v. Preferred Sols., Inc.*, 831 F.3d 746, 752 (6th Cir. 2016). "Summary judgment is warranted only if the record shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wenk v. O'Reilly*, 783 F.3d 585, 593 (6th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A court "must view the facts and any inferences reasonably drawn from them in the light most favorable to the nonmoving party." *Griffith v. Coburn*, 473 F.3d 650, 655 (6th Cir. 2007) (quoting *St. John v. Hickey*, 411 F.3d 762, 768 (6th Cir. 2005)).

**A. The Supplier Manual's indemnity clause covers the use of a Shaper with a cannula.**

Interpretation of a contract is a legal question for a court.[1] *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 890 (Tenn. 2002). "The cardinal rule for interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention, consistent with legal principles." *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 703–04 (Tenn. 2008) (quoting *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*,

---

[1]At oral argument, the parties agreed that Tennessee common law applies.

521 S.W.2d 578, 580 (Tenn. 1975)). "The intention of the parties is based on the ordinary meaning of the language contained within the four corners of the contract." *MLG Enters., LLC v. Johnson*, 507 S.W.3d 183, 186 (Tenn. 2016) (quoting *84 Lumber Co. v. Smith*, 356 S.W.3d 380, 383 (Tenn. 2011)). "If the language is clear and unambiguous, the literal meaning controls the outcome of the dispute." *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006). "In such a case, the contract is interpreted according to its plain terms as written, and the language used is taken in its 'plain, ordinary, and popular sense.'" *Maggart*, 259 S.W.3d at 704 (quoting *Bob Pearsall*, 521 S.W.2d at 580).

"A strained construction may not be placed on the language used to find ambiguity where none exists." *Farmers-Peoples Bank v. Clemmer*, 519 S.W.2d 801, 805 (Tenn. 1975). "The interpretation should be one that gives reasonable meaning to all of the provisions of the agreement, without rendering portions of it neutralized or without effect." *Maggart*, 259 S.W.3d at 704. Furthermore, "[a] contract is not rendered ambiguous simply because the parties disagree as to the interpretation of one or more of its provisions." *Int'l Flight Ctr. v. City of Murfreesboro*, 45 S.W.3d 565, 570 n.5 (Tenn. Ct. App. 2000).

The question here is whether the language in the indemnity clause covers Wright's use of a Shaper with a cannula. The indemnity clause states that Spineology "agrees to indemnify . . . [Wright] . . . for actual or alleged infringement of any U.S. or foreign patent . . . *arising from* the purchase, use of [sic: or] sale of materials or articles required by the Purchase Order." R. 49-8

5

(Resp. Ex. H, Supplier Manual at 3) (Page ID #935) (Sealed) (emphasis added).[2]  Because of the phrase "arising from," the indemnity clause is broad.  "Arising from" means that a proceeding simply needs to be related to the use of the Shaper.  In light of such broad language, we cannot read the contract to mean that Spineology will indemnify Wright only for use of the Shaper alone.  Accordingly, this indemnity clause unambiguously covers the use of a Shaper with a cannula.  In conclusion, the district court incorrectly granted summary judgment to Spineology regarding Wright's claims (1) for entitlement to a declaratory judgment stating that Spineology has a duty to indemnify Wright and (2) for breach of contract.[3]

## B.  Breach of implied warranty under § 47-2-312(3) does not apply.

Tennessee's statutory code states that "there is in a contract for sale a warranty by the seller . . . *[u]nless otherwise agreed* . . . that the goods shall be delivered free of the rightful claim of any third person by way of infringement."  Tenn. Code Ann. § 47-2-312(3) (emphasis added).  "This provision, however, applies only to transactions in which the parties have not 'otherwise agreed' to the allocation of risks."  *Nissan N. Am. Inc. v. Schrader Elecs., Ltd.*, No. 3:13-CV-180, 2014 WL 5410296, at *9 (M.D. Tenn. Oct. 23, 2014).  Because the parties have already allocated risks through the indemnity clause, § 47-2-312(3) does not apply.  Thus, the district court correctly

---

[2]When examining this language, the district court concluded that the "of" after "use" should be "or."  R. 75 (Order at 13) (Page ID #1316) (Sealed).  The parties have not disputed this construction.

[3]The district court granted summary judgment to Spineology on Wright's breach of contract claim because the Orthophoenix litigation did not trigger Spineology's duty to indemnify.  *See* R. 75 (Order at 16) (Page ID #1319).

granted summary judgment to Spineology regarding Wright's claim for breach of implied warranty

under § 47-2-312(3).

### III.  CONCLUSION

For these reasons, we **VACATE** the district court's judgment and **REMAND** for further

proceedings regarding Wright's first and second claims against Spineology.[4]

---

[4]Our conclusion is limited to the questions before us:  (1) whether the language in the indemnity clause requires Spineology to indemnify Wright and (2) whether § 47-2-312(3) requires Spineology to indemnify Wright. *See* Appellant's Br. at 2.  Because Spineology's first counterclaim contended that Wright did not notify Spineology soon enough to trigger the indemnity clause, it is not clear whether, at this time, we can enter summary judgment for Wright regarding its first cause of action.  Upon remand, Spineology may or may not wish to revive its counterclaim.