IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 14, 2020 Session

## METROPOLITAN LIFE INSURANCE COMPANY v. DOROTHY L. NELSON ET AL.

**Appeal from the Circuit Court for Shelby County
No. CT-004898-18  Jerry Stokes, Judge**

———————————————————————

### No. W2019-00654-COA-R3-CV

———————————————————————

This case involves a forcible entry and detainer action regarding a parcel of real property that was purchased at a foreclosure sale.  The purchaser at foreclosure brought this detainer action against the previous owners of the property.  The General Sessions Court ruled in favor of the purchaser, as did the Circuit Court pursuant to a de novo appeal. Although the prior owners now appeal to this Court to raise certain grievances, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KENNY ARMSTRONG, JJ., joined.

Dorothy L. Nelson, and Dwayne L. Nelson, Memphis, Tennessee, Pro se.

Natalie K. Brown, Memphis, Tennessee and Bret J. Chaness, Patty Whitehead, Peachtree Corners, Georgia, for the appellee, Metropolitan Life Insurance Company.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## BACKGROUND AND PROCEDURAL HISTORY[2]

This case concerns real property located in Memphis at 4435 Cloudburst Road ("the Property"). The Appellants herein, Dorothy and Dwayne Nelson ("the Nelsons"), acquired the Property via a warranty deed on June 18, 1997. The warranty deed was later recorded in the Shelby County Register's Office on June 25, 1997.

As is relevant herein, the Nelsons executed a deed of trust on May 31, 2000 in order to secure a loan with a principal amount over $80,000.00. The Property was thereby conveyed to Marsha Fogle as Trustee, and on June 9, 2000, the deed of trust was recorded in the Shelby County Register's Office. In pertinent part, the deed of trust specified as follows as it pertained to the consequences of a potential future foreclosure sale:

> In the event of a sale of said property under and by virtue of this trust, the said Grantor or Grantors and all persons holding him or them shall be and become the tenants at will of the purchaser of the same, from and after the execution and deliver[y] of a deed to such purchaser, said tenancy to be terminated at the option of said purchaser without notice.

The deed of trust was ultimately later assigned to Metropolitan Life Insurance Company ("Metro Life"), and on December 2, 2016, Rubin Lublin TN, PLLC was appointed as Substitute Trustee.

The present controversy originated when the Nelsons defaulted on their obligations. Upon their default, on June 21, 2018, the Property was sold at foreclosure to Metro Life. The Substitute Trustee's Deed, which is dated June 29, 2018, was recorded in the Shelby County Register's Office on July 5, 2018.

As a result of the Nelsons' continued possession of the Property after foreclosure, Metro Life caused a detainer warrant to issue against them in the Shelby County General Sessions Court in August 2018. When a judgment for possession was later entered in Metro Life's favor on October 17, 2018, the Nelsons timely appealed to the Shelby County Circuit Court ("the trial court").

Subsequently, on January 8, 2019, Metro Life moved for summary judgment in the trial court. The motion was accompanied by a brief in support of the motion, as well as a statement of undisputed material facts. Metro Life maintained that given its

---

[2] Many of the background facts detailed herein are taken from the statement of undisputed material facts proffered by the Appellee. As the Appellants did not specifically respond to the statement of undisputed facts, they are admitted. *See Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) ("[T]he material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party.").

constructive possession of the Property stemming from the foreclosure and the Nelsons' continued possession of the Property thereafter, it was entitled to a judgment granting it possession of the Property. Although the Nelsons filed a one-page response in opposition to the motion for summary judgment, they did not respond to or dispute the statement of undisputed material facts proffered by Metro Life, nor did they set forth a separate statement of material facts of their own. On March 22, 2019, the trial court entered an order granting Metro Life's motion for summary judgment, holding that it was entitled to possession of the Property. This appeal followed.

## ISSUES PRESENTED

Restated verbatim, the following issues appear in the "Statement of the Issues" section of the Nelsons' appellate brief:

1. The trial court erred in that it incorrectly decided facts that were not true.
2. The trial court erred when it failed to provide due process of the Defendants' facts to be heard.
3. The trial court erred when it granted judgment as a matter of law in favor of Metropolitan Life Insurance Company although there was no contract that was made between Both Parties.

## STANDARD OF REVIEW

Our review of the trial court's grant of summary judgment involves a question of law. Accordingly, our standard of review is de novo, and we afford no presumption of correctness to the trial court's determination. *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 703 (Tenn. 2008). In determining whether a grant of summary judgment was proper, we are obligated to make a fresh determination that the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012). By rule, a motion for summary judgment should only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

## DISCUSSION

As a preliminary matter, we note, as Metro Life has on appeal, that the Nelsons' brief is noncompliant with our rules of appellate procedure. Although the Nelsons are proceeding pro se and are to be given a certain amount of leeway, we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). Pursuant to Rule 27 of the Tennessee Rules of Appellate

Procedure, the brief of the appellant shall contain, among other things, a "statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below," a "statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record," and an argument section setting forth:

> the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27(a).

Here, the brief submitted by the Nelsons is noncompliant in many respects. Generally speaking, the factual references scattered throughout the brief are not supported by citations to the record. Moreover, the section denominated as the Nelsons' "Argument" consists entirely of a sparse two-sentence passage, itself devoid of citations to the record or any legal authority. Moreover, we observe that one of the Nelsons' raised issues in the case is not even peripherally broached in the brief. Indeed, whereas the second phrased issue by the Nelsons purports to raise a "due process" concern, the phrase "due process" does not appear anywhere else in the appellate brief.

Given the profound deficiencies in the Nelsons' brief, it would be entirely proper for this Court to dismiss this appeal and treat the raised issues as effectively waived. *See generally Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) (declining to address issues raised in the appeal because of numerous deficiencies in the appellant's brief). Nonetheless, we will do our best to discern the gist of the Nelsons' complaints and, to the extent that we are able to do so, address the substance and merits of the matter before us.[3]

The Nelsons' first phrased issue on appeal generally charges that the trial court "incorrectly decided facts that were not true." Having reviewed the record transmitted to us, it is clear that no relief should follow from this assertion, for the Nelsons failed to file a statement disputing any of the facts set forth in Metro Life's statement of undisputed material facts. As a prior panel of this Court has explained, it is incumbent on the opponent to a motion for summary judgment to respond to submitted factual assertions if he or she desires to dispute them:

> The statements of material facts submitted by the parties on a motion

---

[3] *See Lacy v. Hallmark Volkswagen Inc. of Rivergate*, No. M2016-02366-COA-R3-CV, 2017 WL 2929502, at *3 (Tenn. Ct. App. July 10, 2017) (noting that this Court can waive briefing requirements for good cause and stating that public policy prefers cases to be resolved on their merits). Litigants should not construe our decision to attempt to tackle the merits of this case as a harbinger that we will be as forgiving of briefing deficiencies in the future.

- 4 -

for summary judgment are "intended to alert the court to precisely what factual questions are in dispute and point the court to specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." *Owens v. Bristol Motor Speedway, Inc.,* 77 S.W.3d 771, 774 (Tenn. Ct. App. 2001) (perm app. denied) (quoting with approval, *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923 (7th Cir.1994)). Although the trial court may, at its discretion, waive the requirements of the rule where appropriate, the court may also refuse to consider the factual contentions of a non-complying party even where such facts are ascertainable by the record. *Id.* Thus **the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party**. *See* ROBERT BANKS, JR. & JUNE F. ENTMAN, TENNESSEE CIVIL PROCEDURE, § 9–4(i) (1999) (quoting *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1313 n. 1 (7th Cir.1995)). Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal.

*Holland v. City of Memphis*, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) (emphasis added).

Similarly, it is incumbent on an opponent to a summary judgment motion to set forth in writing any additional facts he or she deems material to the case, but again, the Nelsons failed to do so. *See* Tenn. R. Civ. P. 56.03 ("[T]he non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried."). Here, the point ostensibly intended by the Nelsons' second phrased issue is foreclosed by this consideration. Although it is somewhat unclear as to what the Nelsons mean when they attack the trial court for its alleged failure to provide "due process of the Defendants' facts to be heard,"[4] the Nelsons had the opportunity at summary judgment to dispute the facts set forth by Metro Life and to submit their own statement of material facts. To the extent they desire for additional facts to be heard, they are without recourse. The opportunity was available to set forth additional facts at summary judgment, and they failed to do so.

As it is, the facts established by the summary judgment record, which, again, were not properly contested by the Nelsons, support the trial court's judgment. Metro Life had acquired constructive possession of the Property by acquiring title stemming from the

---

[4] As alluded to earlier, a developed "due process" argument appears to be absent.

foreclosure. As this Court explained previously, "If the trust deed establishes a landlord/tenant relationship between the mortgagor and foreclosure sale purchaser, then a constructive entry on the part of the purchaser attaches upon the passing of title; this constructive entry provides the basis for maintaining the unlawful detainer action." *CitiFinancial Mortg. Co., Inc. v. Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *7 (Tenn. Ct. App. Jan. 11, 2007). Here, the deed of trust provided for a landlord/tenant relationship upon foreclosure, and Metro Life acquired title when it purchased the Property at foreclosure. It therefore had constructive possession, and given the Nelsons' continued possession of the Property, judgment in its favor was proper. *See Fed. Nat'l Mortg. Ass'n v. Daniels*, 517 S.W.3d 706, 712 (Tenn. Ct. App. 2015) ("[T]o succeed on its motion for summary judgment, FNMA was required to establish (1) its constructive possession of the property and (2) its loss of possession by Mr. Daniels's act of unlawful detainer.").

Metro Life's right to a judgment is not overcome in any way by the last of the Nelsons' raised issues in the "Statement of the Issues" section of their brief. Therein, the Nelsons complain that the trial court's judgment was improper because no contract existed between them and Metro Life. The suggestion, therefore, seems to be that the antecedent foreclosure here was improper on this account. This concern is without merit. The facts show that, prior to foreclosure, Metro Life acquired an interest in the Property by assignment. That Metro Life was not the original party in privity with the Nelsons is simply not dispositive as to what transpired in this case.

Having dealt with the three issues nominally articulated by the Nelsons, we turn our attention in closing to a few other matters for the sake of completeness. Although not strictly raised as issues in the "Statement of the Issues" section of the Nelsons' brief, a few other arguments/concerns are peppered throughout their brief's presentation. One such topic relates to a general concern that fraud/conspiracy was committed in this case by Metro Life. We need not reach this particular concern here due to the fact that (1) it is not raised as an issue, (2) the allusions to fraud are not supported with citations to the record, and (3) no facts regarding supposed fraud were ever properly injected into the record at the summary judgment stage. Again, the Nelsons failed to submit an additional statement of material facts at summary judgment.

Lastly, we turn our attention to an exhibit attached to the Nelsons' appellate brief, an exhibit they assert is a "certified copy of the release of deed of trust." A few observations are in order as to this exhibit and the argument it is intended to support. First, the "Statement of the Issues" section of the Nelsons' brief raises no issue concerning whether the mortgage at issue had been paid prior to foreclosure. Second, the referenced exhibit was not introduced into the record at the summary judgment stage of the proceedings.[5] Third, and perhaps most noteworthy, the release of deed of trust that is

---

[5] It was submitted in connection with a document styled "Affidavit Statement of Evidence,"

relied upon is in relation to a *prior mortgage and indebtedness* and not the encumbrance and indebtedness that precipitated the foreclosure in this case.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is hereby affirmed.

_____
ARNOLD B. GOLDIN, JUDGE

which was filed after judgment had been entered and after a notice of appeal was filed.